■ In the Matter of FRANK CAPEK, Respondent-Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social

Services, Appellant-Respondent, and CHARLES W. BATES, as Commissioner of the Westchester County Department of Social Services, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to (1) review a determination of the State Commissioner of Social Services, dated October 14, 1977 and made after a statutory fair hearing, which affirmed the denial of petitioner's application for medical assistance and (2) direct that a new fair hearing be held, the State commissioner and the petitioner cross-appeal from a judgment of the Supreme Court, Westchester County, dated November 1, 1978, which granted the petition to the extent of annulling the determination dated October 14, 1977 and remanding the matter to the State commissioner for a *de novo* fair hearing in which the petitioner may contest on the merits the local agency's denial of his application for medical assistance. Judgment modified, on the law, by deleting the decretal paragraph thereof numbered "(b)" and substituting therefor a provision granting petitioner's application for medical assistance. As so modified, judgment affirmed, without costs or disbursements, and the matter is remitted to the State commissioner for further proceedings consistent herewith. The notice to the petitioner in 1976 of the denial of his first application for medical assistance did not advise him of the availability of community legal services, nor did it state with specificity the reasons for such denial. In both respects, such a notice is violative of petitioner's rights to due process of law. Whereas due process does not require the *assignment* of counsel for needy applicants at social services hearings, it does require that an applicant be made aware that community legal services are available. *(Matter of Brown v Lavine,* 37 NY2d 317, 320-321.) Moreover, it is also clear that pursuant to 18 NYCRR 358.11 (e) and 18 NYCRR 360.15, a notice of denial of public assistance must state with specificity the reasons for such denial so that the applicant will be informed " 'of the issues which are to be the subject of the hearing' " *(Cruz v Lavine,* 45 AD2d 720; *Matter of Simmons v Van Alstyne,* 65 AD2d 869, 871). In the case at bar, the State commissioner, in the determination after petitioner's 1977 fair hearing (from which this appeal ultimately emanates), relied *in toto* on the decision following the 1976 hearing. Since we have today declared that the 1976 proceeding had been defective, the determination made after the 1977 hearing must fall. Therefore, Special Term was correct at the time in annulling the 1977 decision and remanding the matter to the State commissioner for a *de novo* hearing on the subject of the transfer of assets. As to petitioner's cross appeal regarding the constitutionality of section 366 (subd 1, par [e]) of the Social Services Law, we note that said section has already been declared invalid by this court, as well as by the United States Court of Appeals for the Second Circuit. (See *Scarpuzza v Blum,* 73 AD2d 237; *Caldwell v Blum,* 621 F2d 491.) Although the State commissioner has maintained that a cross appeal is improper at this time (as petitioner was successful at Special Term), we note that despite the fact that the matter was raised at Special Term, the judgment of that court did not deal with this claim for declaratory relief. In any event, the matter may be raised as an alternative ground for sustaining the judgment appealed from (cf. *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482). As the statutory presumption embodied in section 366 (subd 1, par [e]) of the Social Services Law has been declared invalid, there is now no need for a hearing on the subject of the transfer of assets. Rather, the only matter left to be determined is the amount of retroactive and prospective medical assistance benefits that the petitioner is entitled to. Accordingly, the matter is hereby remitted to the State commissioner for

that determination. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.