*564 OPINION OF THE COURT
Arthur D. Spatt, J.
Petitioner seeks an order (1) quashing the administrative subpoena served upon petitioner pursuant to CPLR 2304; (2) staying respondent from proceeding in this matter on the grounds that it is in excess of his jurisdiction and is in direct contravention of the Education Law of the State of New York; (3) for a more definite statement pursuant to subdivision 2 of section 301 of the New York State Administrative Procedure Act; (4) quashing any material heretofore seized and/or photocopied and/or removed from the office and premises of the petitioner herein; and (5) directing respondent to make available to petitioner’s attorney a list of the items seized and/or copied and/or removed from the petitioner’s office.
BACKGROUND AND CONTENTIONS
On or about the 9th day of July, 1980, petitioner was served with a “Notice of Hearing” that charged her with more than 1,000 violations and a subpoena duces tecum that she contends would require her to produce approximately 400 patient record files, including X rays. Petitioner contends that the production of these records is not only a burdensome and impossible task, but would be violating the right of privacy of her patients.
Petitioner is licensed by the Department of Education as a chiropractor and argues that the Health Department is exceeding its jurisdiction by attempting to take away her license which said department has never granted. Petitioner contends that the State is in violation of section 301 of the New York State Administrative Procedure Act, since the charges set forth in the notice of hearing cannot be related to any name, any specific X ray taken, or any specific act alleged to have been improperly performed.
In addition to the other defenses, petitioner asserts that since she has been advised by one of the investigating officers that she may be responsible criminally for certain unspecified actions, the privilege under the Fifth Amendment of the United States Constitution is available to her, and that enforcement of the subpoena would violate that privilege.
*565 DETERMINATIONS
I. As to the Motion to Quash the Administrative Subpoena
Both parties agree that there is no chiropractor-patient privilege. However, petitioner contends that an administrative agency cannot subpoena patient records without the patient’s knowledge and without the patient having filed a complaint or in any way authorized anybody to examine, make copies of or use his or her medical records.
Section 6551 (subd 2, par c) of the Education Law provides as follows: “Chiropractors shall retain for a period of three years all X-ray films taken in the course of their practice, together with the records pertaining thereto, and shall make such films and records available to the state commissioner of health or his representative on demand.”
Also, it is required, under 10 NYCRR 90.9, that “[a]ll films and records shall be made available to the State Commissioner of Health or his representative upon demand”. Therefore, it is clear that under both State law and the rules and regulations governing respondent, that the State Commissioner of Health may demand the production of X rays and all records pertaining thereto. Absent a showing that the records requested do not relate to X rays, the petitioner is barred from shielding these documents from administrative scrutiny. Recently, in Matter of Hynes v Doe (NYLJ, July 17, 1980, p 12, col 3), the court dealt with the issue of confidentiality of medical records. This case concerned a statutory provision — section 2803-c of the Public Health Law — that patients have the right to privacy as regards their medical histories. Despite this provision, the court held that, since the patient-physician privilege is a statutory creation, it is subject to waiver and that the State’s interest in protecting the confidentiality of the patient-physician relationship must yield in those cases where a “governing agency, person or body has a lawful right to examine the records.”
Petitioner’s assertion that the subpoena is burdensome is not sufficient to afford her relief. In Matter of Minuteman Research v Lefkowitz (69 Misc 2d 330, 331) the court held that the law provides “that relevancy, and not quantity, is the test of the validity of a subpoena.” The court *566 cited as a dramatic example the case of Matter of Borden Co. (75 F Supp 857, 860) where a subpoena was held valid even though “ ‘[compliance still involved delivering 10 truck loads, approximately 50 tons, of files to the Antitrust Division. It was necessary to strengthen the floor of one wing of this building in order to store these, documents. During this time it was necessary for The Borden Company to make copies of many of these books and records in order that it might carry on its business.’ ”
II. As to Petitioner’s Request for a Stay of the Administrative Proceeding on the Ground Respondent Exceeded his J urisdiction
Section 6551 (subd 2, par b) of the Education Law provides in part as follows: “The requirements and limitations with respect to the use of X-ray . by chiropractors shall be enforced by the state commissioner of health and he is authorized to promulgate rules and regulations to carry out the purposes of this subdivision.”
It is thus clear that the Commissioner of Health has the jurisdiction to invoke an administrative hearing to ensure enforcement of requirements and limitations with regard to the use of X rays by chiropractors. In Matter of Schuyler v State Univ. of N.Y. at Albany (31 AD2d 273, 274) it was held: “Prohibition is an extraordinary remedy designed to forbid the exercise of unauthorized power, whether it be an act devoid of or in excess of jurisdiction, and, not being favored by courts, it is never issued as a matter of right but only in a sound discretion in clear-cut situations when there is no other remedy.”
In the case at bar, section 6551 (subd 2, par b) of the Education Law provides the jurisdictional basis for -the complained of proceeding. Thus, there is no basis for this court’s exercise of the extraordinary remedy of prohibiting the administrative proceeding.
III. As to Petitioner’s Claim that Enforcement of the Subpoena Violated her Constitutional Privilege Against Self Incrimination
Petitioner asserts that section 6551 (subd 2, par c) of the Education Law, which requires her to produce X-ray *567 films and records to the State Commissioner of Health on demand, compels her to violate her privilege against self incrimination. Such contention is without merit.
The Court of Appeals in Matter of Friedman v Hi-Li Manor Home for Adults (42 NY2d 408) dealt with the issue of whether the enforcement of a subpoena would violate the constitutional prohobition against self incrimination. The rule was stated as follows (p 416): “the constitutional guarantee against compulsory self-disclosure, concerned primarily with protection of individual civil liberties, is not to be interpreted to insulate economic or other interests of organizations, incorporated and unincorporated, when to do so would be to frustrate appropriate governmental regulation (United States v White, 322 US 694, 700).”
The courts have long recognized that the State may require a physician to report deaths and their causes; and may require a druggist to report the sale of poison even though “[clompliance with one of these statutory regulations may * * * prove an important factor in leading to his detection” (People v Rosenheimer, 209 NY 115, 120). These obvious possible self incriminatory requirements 1 are “not sufficient to render the legislation invalid”. (Supra, p 120.)
In People v Samuel (29 NY2d 252, 261) Judge Breitel held that self-reporting “[statutes have been struck down or limited where the focus has been on criminal activity, however the statutory scheme was designed or disguised.” (Emphasis supplied.) He went on to state (p 261): “The telltale characteristic is that the invalid incriminating statutes have the evident or discoverable purpose of cutting down the regulated activity and seek not merely to control misconduct and its consequences within the activity. * * * On the other hand, self-reporting statutes designed only to regulate lawful activities and channel such activities into lawful behavior have been sustained as valid, despite incidental risk of inculpation to those who abuse the right to engage in lawful activities or misconduct themselves while so engaged”. (Emphasis supplied.)
The statute requiring chiropractors to make films and records available to the State Commissioner of Health is *568 not violative of the Fifth Amendment since the purpose of the statute is not to incriminate. On the contrary, its purpose is to further the regulation of lawful activity to protect the public from significant harm.
IV. As to Petitioner’s Request for an Order for a More Definite Statement of Charges in the Notice of Hearing
Matter ofRainka v Whalen (73 AD2d 731) dealt with a similar issue. Respondent there instituted a CPLR article 78 proceeding in the nature of prohibition maintaining that the notice of charges and the hearing procedure were constitutionally deficient and violative of the Fourteenth Amendment of the United States Constitution. The court held (p 732): “that respondent has an adequate remedy in his right to institute an article 78 proceeding following a final agency determination and, consequently, prohibition is improper”.
Subdivision 2 of section 301 of the State Administrative Procedure Act merely requires an agency to give a more definite and detailed statement to respondent “wherever the agency finds that the statement is not sufficiently definite or not sufficiently detailed.” (Emphasis supplied.) The statute specifically states that “The finding of the agency as to the sufficiency of definiteness or detail of the statement or its failure or refusal to furnish a more definite or detailed statement shall not be subject to judicial review.”
Therefore, there is neither a constitutional nor a statutory requirement that the State provide any more than the general nature of the charges.
V. As to Petitioner’s Motion to Quash Material Seized
Petitioner supports her request with no law or precedent. An opportunity will be afforded petitioner to object to evidentiary offers made at the hearing (State Administrative Procedure Act, § 306, subd 4), and upon completion of the hearing, petitioner, pursuant to CPLR article 78, may seek review with regard to the determination by the hearing agency. Absent a challenge to the propri *569 ety of the warrant issued by Justice Alfred S. Robbins, the motion to quash is premature, and must be denied.
VI. As to Petitioner’s Request for a Direction to Respondent to Furnish a List of the Items Seized
Section 305 of the State Administrative Procedure Act provides as follows: “Each agency having power to conduct adjudicatory proceedings may adopt rules providing for discovery”.
Discovery, as to the administrative proceeding, for agency adjudication, is controlled by the agency itself and not by the court. In Matter of Art Metal Constr. Co. v McGoldrick (260 App Div 153, 154), the court held as follows: “[I]n the absence of some express statutory authority, and none is shown here, [the court] has no jurisdiction to issue subpoenas for the appearances of witnesses and the production of records during the pendency of an administrative hearing.”
The petitioner has not cited any rule adopted by respondent to permit such discovery. The denial of this application for discovery is without prejudice to an application to obtain said records, pursuant to the “Freedom of Information Law” (Public Officers Law, art 6).
Accordingly, the petition herein is dismissed.