■ In the Matter of PHILIP DENNELLY, Appellant, v COUNTY ATTORNEY OF NASSAU COUNTY et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination dismissing petitioner from his position as Deputy Sheriff, he appeals from a judgment of the Supreme Court, Nassau County (Smith, J.), entered February 2, 1981, which dismissed the petition. Judgment reversed, on the law, with $50 costs and disbursements, and matter remitted to the respondents for a new hearing in accordance herewith. Petitioner, a Deputy Sheriff in the Nassau County Sheriff's Department, was

charged with (1) official misconduct, in that he failed to execute a Family Court warrant of arrest against one Alfonso Pena; (2) receiving a reward for official misconduct, in that he accepted a benefit for not executing the warrant; and (3) theft of services, in that he unjustifiably refused to pay for restaurant services rendered. The disciplinary hearing against petitioner began on September 7, 1978. It was adjourned until October 26, 1978 due to petitioner's attorney's health. He was required to undergo surgery on his leg. On October 26, the attorney failed to appear at the morning session because he was engaged in court on another matter. In the afternoon he appeared, and stated that it was his understanding that the matter had been stayed due to the fact that all proceedings with regard to petitioner's partner had been stayed. Another adjournment was granted. Petitioner's attorney again failed to appear on the morning of November 2, 1978, the scheduled adjournment date. The matter was adjourned until the afternoon at which time petitioner's attorney again failed to appear. His office informed the hearing officer that he was at the District Court for a criminal hearing. The hearing officer severed the two cases (petitioner's and his partner's), and allowed the charges to be read into the record. He then adjourned the hearing until the morning of November 3, 1978. Petitioner's attorney again failed to appear. After acknowledging petitioner's difficult situation, the hearing officer permitted the county to present witnesses. After the lunch recess a Deputy County Attorney indicated that upon telephoning petitioner's attorney's office, he was informed that the attorney was ill. The hearing proceeded despite petitioner's lack of representation. On at least two occasions petitioner objected to the hearing proceeding while he was not represented by his attorney. At no time did the hearing officer suggest that he retain new counsel. Petitioner defended himself *pro se* throughout the proceedings. He cross-examined witnesses, and presented witnesses on his own behalf. His attorney did not appear at any time after October 26, 1978. Special Term found that petitioner waived his right to counsel by his actions. We disagree. The right to have the assistance of counsel is a fundamental one (*Glasser v United States,* 315 US 60). The fact that petitioner's attorney failed to appear on his behalf does not result in the client's waiver of that right. While it is clear that a person cannot employ delaying tactics to indefinitely defer a disciplinary hearing (*Matter of Nunley v Guido,* 62 AD2d 1000), we agree with Special Term that the hearing officer should have informed the petitioner that he could retain new counsel if his attorney was unable to appear. However, we disagree with Special Term in its conclusion that petitioner waived his right to counsel. A waiver of a right to counsel must be voluntary (*People v Johnson,* 79 AD2d 201). Here, we conclude that there was not a voluntary waiver. To hold otherwise would result in requiring a defendant in a disciplinary hearing to choose between standing mute in the hopes that upon review his right to counsel will be vindicated, or waiving his right to counsel and defending himself to the best of his ability. Such an outcome would render the fundamental right to counsel meaningless upon counsel's failure to appear. Damiani, J. P., Mangano, Gibbons and Boyers, JJ., concur.