■ In the Matter of LORRAINE BREITFELLER, Individually and on Behalf of Her Two Children, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated February 5, 1982 and made after a statutory fair hearing, which affirmed a determination of the local agency denying the petitioner's application for medical assistance on behalf of herself and her two minor children, on the ground that she failed to submit requested documentation in a timely fashion. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to respondent State commissioner for a *de novo* fair hearing at which the petitioner may contest, on the merits, the local agency's denial of her application for medical assistance. On March 30, 1981, respondent Nassau County Department of Social Services denied petitioner's application for medical assistance. The notice of denial did not advise her of the availability of community legal services. Such a notice is violative of petitioner's right to due process of law (*Matter of Capek v Blum,* 76 AD2d 924). Whereas due process does not require that needy applicants at social services hearings be assigned counsel, it does require that applicants be made aware that community legal services are available (*Matter of Brown v Lavine,* 37 NY2d 317; *Matter of Capek v Blum, supra*). As a result of this omission, petitioner appeared *pro se* at the fair hearing. Therefore, a new fair hearing is required. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.