■ Patricia W. Walston, P. C., Appellant, v David Axelrod, as Commissioner of Health of the State of New York, Respondent. — In a proceeding

pursuant to CPLR article 78 to review a determination of the respondent which, after a hearing, revoked petitioner's license to practice X-ray technology and imposed a fine of $30,000, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered February 16, 1983, which dismissed the petition. ¶ Judgment affirmed, with costs. ¶ Petitioner is a chiropractor who was licensed to take X rays in connection with her practice. On July 9, 1980, respondent caused petitioner to be served with a notice of hearing, which informed her that she was charged with over 1,000 violations of various provisions of the Public Health Law, Education Law and title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York, which governs the use of X rays by chiropractors. The notice also informed her that a hearing would be held with respect to the charges against her on July 24, 1980, and that the hearing would proceed with or without her presence. She was simultaneously served with a subpoena duces tecum which commanded her to produce voluminous records at the hearing. She retained an attorney (petitioner's former attorney) to represent her in connection with this hearing. ¶ Petitioner's former attorney obtained an adjournment of the hearing until August 6, 1980. The hearing began on that date, but was subsequently stayed pending the hearing of a motion brought on by petitioner which sought, *inter alia,* a more definite statement of the charges against her and an order quashing the subpoena. After the argument of this motion, the respondent agreed to adjourn the hearing indefinitely, pending the determination of the motion. The motion was decided on December 19, 1980 in a manner unfavorable to the petitioner (see *Walston v Axelrod,* 107 Misc 2d 563), and respondent then attempted to set a date for the continuation of the hearing. ¶ Petitioner's former attorney was afforded the opportunity to select one of five different dates for the continuation of the hearing but, after one was selected based on his suggestion, he stated he could not appear due to other trial engagements. He was advised that the hearing would go forward nevertheless. The hearing was continued over numerous subsequent dates. Petitioner's former attorney was advised as to each date, but refused to attend, claiming that either illness or more important court appearances prevented him from doing so. The hearing ultimately concluded on November 24, 1981, without petitioner having offered any evidence on her own behalf. The hearing officer recommended that petitioner's X-ray license be revoked, and that a fine of $2,500 be imposed. The respondent adopted the former recommendation, and increased the fine to $30,000. ¶ Petitioner then commenced the instant proceeding, alleging that she was denied due process since respondent held the hearing even though her attorney indicated that he could not attend. Special Term dismissed the petition holding (1) that petitioner, having defaulted in appearing at the administrative hearing, lacked standing to commence a proceeding to review a determination made after that hearing and (2) that the respondent had no duty, in any event, to hold its disciplinary hearing at the convenience of petitioner's attorney. This appeal ensued. ¶ There is no merit to petitioner's argument (raised, incidentally, for the first time on appeal) that her former attorney's apparently willful failure to appear on any of the scheduled hearing dates amounts to a deprivation of her right to the effective assistance of counsel, which requires vacatur of the administrative determination against her. With certain narrow exceptions (e.g., *Matter of Ella B.,* 30 NY2d 352; *People ex rel. Menechino v Warden, Green Haven State Prison,* 27 NY2d 376; *People ex rel. Rogers v Stanley,* 17 NY2d 256), the right to the effective assistance of counsel (US Const, 6th Amdt; NY Const, art I, § 6) does not extend to civil actions or administrative proceedings (see, generally, *Matter of Brown v Lavine,* 37 NY2d 317; *Matter of Rivera v Blum,* 98 Misc 2d 1002). ¶ Of course, both due process considerations and statutory provisions

require that a party to an administrative hearing be afforded the opportunity to be represented by an attorney (State Administrative Procedure Act, § 501; *Matter of Breitfeller v D'Elia,* 99 AD2d 756). Accordingly, we have held that a party appearing at an administrative proceeding *pro se,* due to his attorney's disability, should be afforded an opportunity to secure another lawyer (*Matter of Dennelly v County Attorney,* 88 AD2d 912). ¶ Here, however, petitioner failed to appear at all, and never once indicated any desire to replace her retained counsel. Thus, if petitioner's rights were compromised, the fault must be laid at the door of her former attorney, and not at the door of the State. ¶ We find petitioner's remaining arguments on appeal to be similarly without merit. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.