■ In the Matter of KULSUM G. MUJTABA, Individually and Doing Business as G. M. WORLD CHEMISTS, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT, Respondent.—Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of the Commissioner of Education which suspended petitioner's license to practice pharmacy in New York for two years and revoked the certificate of registration of petitioner to operate a pharmacy.

Petitioner, a licensed pharmacist, was found guilty by a State Board of Pharmacy Hearing Panel (hereinafter the Panel) of professional misconduct under Education Law § 6509 (9). The charges that the Panel sustained concerned petitioner's refusal to allow lawful inspections of the pharmacy she owned, allowing the pharmacy to be operated while not under the immediate supervision of a licensed pharmacist and certain advertising violations. The Regents Review Committee (hereinafter the Committee) recommended acceptance of the Panel's decision. This recommendation was adopted by the Board of Regents and the Commissioner of Education was authorized to issue an order effectuating the Panel's decision. Thereafter, the Commissioner suspended petitioner's license to practice for two years with execution of the second year stayed, and her certificate of registration to operate the pharmacy was revoked. Petitioner then commenced this proceeding seeking to annul the Commissioner's determination.

When the disciplinary charges were initially filed against petitioner, the matter was scheduled for a hearing before the Panel on September 23, 1985. The hearing was, however, adjourned four times, all at petitioner's request. The matter was then finally scheduled to be heard on July 15, 1986 and notice of such was received by petitioner on June 3, 1986. On July 9, 1986, petitioner again requested an adjournment so that she could make her annual pilgrimage to Mecca. At the time of making this request, she had already purchased her airline tickets on June 23, 1986. At the July 15, 1986 hearing,

petitioner did not appear and her attorney again requested an adjournment. Prosecuting counsel for the Office of Professional Discipline opposed the request and noted that two of the prior adjournments had been due to petitioner's travel and vacation. Petitioner's request was denied and the hearing proceeded in her absence.

Petitioner claims that the refusal to grant an adjournment infringed on her 1st Amendment right to freedom of religion and that conducting the hearing in her absence violated her due process rights. However, due process does not require that a petitioner be present at an administrative hearing, but rather requires notice of the charges and an opportunity to be heard (*Matter of Lazachek v Board of Regents,* 101 AD2d 639, 641, *lv denied* 63 NY2d 608; *Matter of Dorsey v Board of Regents,* 87 AD2d 728). Here, four previous adjournments were granted to petitioner at her request. Not all had been for medical reasons. She purchased her airline tickets after notice of the hearing date and prior to requesting the adjournment. Under the circumstances, neither petitioner's 1st Amendment nor due process rights were violated. Furthermore, she was represented by counsel who conducted cross-examination of witnesses and presented evidence on petitioner's behalf.

After the Panel made its decision, the matter was scheduled for review by the Committee in September 1987 but was adjourned twice at petitioner's request until December 3, 1987. However, petitioner's counsel requested that the Committee meeting be adjourned so he could undergo certain medical tests. The request was denied and neither petitioner nor her attorney appeared at the Committee meeting.

Petitioner claims that the denial of an adjournment of the Committee meeting also deprived her of her due process rights. Education Law § 6510 (3) (a) provides that at a hearing before the Panel a licensee "may be represented by counsel". Education Law § 6510 (4) (b) contains the same provision with respect to Committee meetings. It is true that "a party appearing at an administrative proceeding *pro se,* due to his attorney's disability, should be afforded an opportunity to secure another lawyer" (*Patricia W. Walston, P. C. v Axelrod,* 103 AD2d 769, 771, *lv denied* 64 NY2d 611). However, if a party fails to appear at a hearing and does not indicate a desire to replace retained counsel, the fault cannot be attributed to the State (*supra*). Here, petitioner never appeared at the Committee meeting and did not attempt to obtain substitute counsel. The matter had twice been previously adjourned at petitioner's request. Moreover, and contrary to petitioner's

assertions, *Matter of Dennelly v County Attorney of Nassau County* (88 AD2d 912) and *Matter of Axelrod v Ambach* (126 AD2d 288) do not apply. They involved matters before the Panel, not the Committee, and in any event involved different factual situations. Therefore, under the circumstances, the denial of the request for adjournment was not improper.

We also reject petitioner's claim that the testimony in regard to the charge that the pharmacy was unsupervised was insufficient to support the finding of guilt on this charge. Moreover, we cannot say that the penalties imposed were so disproportionate to the offenses as to be shocking to one's sense of fairness or unreasonably harsh or excessive *(see, Kostika v Cuomo,* 41 NY2d 673, 676; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). The mere fact that others guilty of similar "transgressions have escaped with lighter penalties" does not require modification *(Matter of Pietranico v Ambach,* 82 AD2d 625, 627, *affd* 55 NY2d 861). The determination should, therefore, be confirmed in all respects.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.