■ In the Matter of JOHN MERA, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [611 NYS2d 716] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner was the sole corporate officer of John Mera Associates, Inc. (hereinafter Associates) and J.T.M. Group, Inc. (hereinafter JTM) which in succession operated a direct-mail advertising business under the name Coup-Pak. An audit of Coup-Pak's operations through the two aforementioned corporations was conducted by the Division of Taxation of the Department of Taxation and Finance (hereinafter the Division) for the period of September 1, 1976 to May 31, 1987.

Initially, the Division asked petitioner for all of Coup-Pak's books and records pertaining to its sales tax liability. No records were furnished in response to the initial request. Further requests had to be made before petitioner produced some canceled checks and bank statements. Thereafter, petitioner refused to furnish any additional records to enable the Division to complete the audit. The Division determined that Associates had not filed Federal tax returns from 1978 to 1985, that JTM had not filed a tax return since July 1987 and that Coup-Pak had not filed Federal or State corporate income tax returns since 1977.

During the audit, the Division offered to do a test period audit so that petitioner would only have to furnish records for a limited period. This offer was declined. Hence, the Division attempted to calculate revenues based upon petitioner's canceled checks. Initially, the Division determined that Coup-Pak had made $1,487,822 in taxable purchases over the audit period. The Division then issued subpoenas for additional records and, after examining invoices provided by petitioner, the auditor adjusted the sales tax liability. The Division thereafter issued 12 separate notices of determination: four to Associates, two to JTM and six identical notices to petitioner as both an officer of Associates and JTM. The total tax liability assessed was $106,560.53.

Petitioner, acting on his own behalf and on behalf of both Associates and JTM, protested the notices of determination and requested a conciliation conference. Subsequent to such conference, the Division sustained the notices of determination. Petitioner then filed separate petitions with the Division of Tax Appeals, one on behalf of Associates, one on behalf of JTM and two on his own behalf as an officer of both corporations.

An administrative hearing was initially scheduled by the Division of Tax Appeals for May 22, 1991. Due to petitioner's request for an adjournment to give his newly retained representative an opportunity to review and prepare, such hearing was adjourned by letter dated May 7, 1991 from the Assistant Chief Administrative Law Judge to petitioner. In that letter, the Assistant Chief Administrative Law Judge advised that the hearing would be adjourned because petitioner had "just retained an attorney" and that the adjourned date would be *Monday,* July 17, 1991. Petitioner was also advised that no further adjournments would be granted. On June 10, 1991, the Division of Tax Appeals issued four separate letters entitled "final notice of hearing" advising that the hearing on each of the pending petitions would take place on *Wednesday,* July 17, 1991, thus correcting any prior ambiguity created by the earlier letter which incorrectly noted the day of the week. In addition, the letters specifically required that adjournments could be requested but would be granted "only for good cause and only if the request is received in writing at least 15 days prior to the hearing date".

It was not until July 3, 1991 that petitioner's attorney requested a second adjournment and raised a question concerning the ambiguity in the May 7, 1991 letter. In this second request for an adjournment, petitioner's counsel advised that whether the hearing was to be held on July 15 or July 17, 1991, "in either case, I will be out of town for most of July and will be unable to make either date". The Assistant Chief Administrative Law Judge denied counsel's request for an adjournment by a letter dated July 11, 1991 and further advised that failure to appear on July 17, 1991 would result in a default order.

The administrative hearing was held before an Administrative Law Judge (hereinafter ALJ) on July 17, 1991 and petitioner appeared without counsel. Petitioner again requested an adjournment. The ALJ denied the request but allowed the record to remain open for 60 days for petitioner or his representative to review the record and submit additional evidence

or a brief. After this hearing, the ALJ concluded that the notices of determination should be sustained. The ALJ noted that although direct mail advertisers were exempt from sales tax liability, petitioner's purchase of services and materials used to perform that service constituted retail purchases subject to taxation. The ALJ further determined that the Division's audit method was reasonably calculated to compute the tax due and that petitioner had failed to show that the Division's calculation was erroneous.

Petitioner took exception to the ALJ's determination, which was later affirmed by respondent Tax Appeals Tribunal. Petitioner thereafter commenced this CPLR article 78 proceeding contending that the failure to adjourn his administrative hearing to secure counsel violated his right to due process. We disagree.

While due process considerations require that a party to an administrative hearing be afforded the opportunity to be represented by an attorney, it is clear that an administrative agency has no duty to hold a hearing at the convenience of a petitioner's attorney (Patricia W. Walston, P. C. v Axelrod, 103 AD2d 769, lv denied 64 NY2d 611). In the instant matter, petitioner was granted an adjournment and was thereafter advised by letter of a final notice of hearing date and that further requests for adjournments would only be granted for "good cause" shown if such request was received in writing at least 15 days prior to the scheduled hearing date. Clearly, counsel's communication to the Assistant Chief Administrative Law Judge requesting an adjournment was not only untimely but also failed to set forth "good cause" for the requested adjournment (see, 20 NYCRR 3000.10 [b]). It is to be noted that petitioner did not seek an adjournment after receiving notice in May 1991 of the July 17, 1991 hearing date to retain a new attorney but simply sought an adjournment at this late date so that his chosen attorney, now unavailable, could be present. Moreover, we note that notwithstanding the denial of such adjournment, the ALJ provided petitioner's attorney with an opportunity to review the record and submit additional evidence. In these circumstances, we find that there was no denial of due process (see, Patricia W. Walston, P. C. v Axelrod, supra).

Petitioner further contends that the Tribunal's determination was arbitrary and capricious due to the failure of the Division to use third-party verification of petitioner's purchases in determining the tax liability. Here, the records provided by petitioner were inadequate to enable the auditor

to conduct the necessary audit. The Division could therefore select an indirect audit method reasonably calculated to reflect the taxes due *(see, Matter of A & J Gifts Shop—Vanni v Chu,* 145 AD2d 877, *lv denied* 74 NY2d 603; *Matter of Club Marakesh v Tax Commn.,* 151 AD2d 908, *lv denied* 74 NY2d 616). Moreover, it is well established that when the records provided by the taxpayer are incomplete, the burden rests with the taxpayer to establish by clear and convincing evidence that the method of audit used or the amount of tax assessed was erroneous *(Matter of A & J Gifts Shop—Vanni v Chu, supra).* Here, petitioner has failed to meet that burden.

Finally, petitioner contends that he should not be held personally liable for the tax liability. We note, however, that petitioner failed to raise such claim in his petitions to the Division or in his subsequent notice of exception to the Tribunal. Thus, we find that his failure to raise this claim at the administrative level precludes its consideration in this proceeding *(see, Matter of Henry v Wetzler,* 183 AD2d 57, *lv denied* 81 NY2d 993).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.