■ In the Matter of SALVATORE CRIMI, Petitioner, v STANLEY DROSKOSKI et al., Respondents. [630 NYS2d 337] —Proceeding pur-

suant to CPLR article 78 to review a determination of the respondent Stanley Droskoski dated April 10, 1993, which adopted the recommendation of a Hearing Officer, made after a hearing, finding that the petitioner is medically able to perform the full-time duties of a police officer without restrictions.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the respondents for further proceedings consistent herewith.

Although we find that there is substantial evidence in the record to support the determination of the respondent Stanley Droskoski, under the particular circumstances of this case, the petitioner is entitled to a new hearing. The petitioner was compelled to proceed *pro se* after his request for an adjournment in order to obtain new counsel was denied. The petitioner's former attorney, who had been provided to the petitioner by the Police Benevolent Association, resigned from his employment with the Police Benevolent Association shortly before the hearing date, and this fact, in light of all of the other circumstances presented, excludes the possibility that the petitioner's request for an adjournment was a delaying tactic. Thus, we conclude that the denial of the petitioner's request deprived the petitioner of his due process rights *(see, Matter of Dennelly v County Attorney of Nassau County,* 88 AD2d 912, 913; *see also, Matter of Mera v Tax Appeals Tribunal,* 204 AD2d 818, 820; *Patricia W. Walston, P. C. v Axelrod,* 103 AD2d 769, 771). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.