■ In the Matter of BAYWOOD ELECTRIC CORP., Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR, Respondent. [649 NYS2d 28] —Proceeding pursuant to CPLR article 78 to review a final order and determination of the Commissioner of the New York State Department of Labor dated January 3, 1995, which, after a hearing, found that the petitioner willfully failed to pay prevailing wages and supplements in violation of Labor Law § 220, directed it to pay back wages with interest of 16% per annum, assessed a 15% civil penalty, and precluded it from bidding on or being awarded any public works contract for a period of five years from the date of the determination.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs; and it is further,

Ordered that the stay granted by decision and order on motion of this Court dated March 4, 1996, is vacated forthwith.

The petitioner, Baywood Electric Corporation (hereinafter Baywood), an electrical contractor, entered into a public works

contract with the Town of Babylon, New York, to perform certain electrical work in connection with the reconstruction of a town pool. It was in connection with that project that the respondent issued findings to the petitioner setting forth alleged wage underpayments. Following an administrative hearing on September 27, 1995, the Hearing Officer recommended, *inter alia,* that the petitioner be found to have willfully failed to pay prevailing wages and supplements in violation of Labor Law § 220. The Commissioner of Labor subsequently issued a determination adopting the recommendations, and directed, *inter alia,* that the back wages be paid, with interest. Thereafter, the petitioner commenced the instant CPLR article 78 proceeding to review that determination.

We reject the petitioner's contention that the Hearing Officer's denial of its request for an adjournment of the administrative hearing violated its right to due process. Aside from certain narrow exceptions (*see, e.g., Matter of Ella B.,* 30 NY2d 352; *People ex rel. Menechino v Warden,* 27 NY2d 376), the right to counsel (*see,* US Const 6th Amend; NY Const, art I, § 6) does not extend to civil actions or administrative proceedings (*see, Matter of Mera v Tax Appeals Tribunal,* 204 AD2d 818, 820; *Patricia W. Walston, P. C. v Axelrod,* 103 AD2d 769, 770). Due process considerations in such cases require only that a party to an administrative hearing be afforded the opportunity to be represented by counsel. Here, the record indicates that Baywood was provided with an adequate opportunity to obtain legal representation. Even assuming, as Baywood contends, that it did not receive the Notice of Hearing until September 10, 1995, a point contradicted by the hearing transcript which indicates receipt on August 23, 1995, Baywood still had 17 days to obtain counsel, and failed to set forth "good cause" for its delay in attempting to do so (*see,* 12 NYCRR 701.10; *Matter of Mera v Tax Appeals Tribunal, supra*). Baywood's further contention that it neglected to obtain counsel because the respondent Department of Labor led it to believe that the case would be settled prior to the hearing, is unsupported by the record, and, in any event, is insufficient to warrant vacatur of the administrative determination. Finally, notwithstanding the denial of the adjournment, the Hearing Officer provided the petitioner with the opportunity to have counsel review the record and submit proposed findings of fact and conclusions of law (*see, Matter of Mera v Tax Appeals Tribunal, supra*).

Similarly unpersuasive is the petitioner's claim that the record lacks substantial evidence to support the respondent's de-

termination of willfulness. A violation of Labor Law § 220 is willful if the contractor acted "knowingly, intentionally or deliberately" (*Matter of Hull-Hazard, Inc. v Roberts,* 129 AD2d 348, 352, *affd* 72 NY2d 900), and a contractor acts knowingly if it "knew or should have known" that it was violating the prevailing wage law (*Matter of Tenalp Constr. Corp. v Roberts,* 141 AD2d 81, 88). In the present case, the petitioner knew or should have known that it was obligated to pay its three workers on the Pool Project an hourly wage and supplement reflecting the actual amount of time worked rather than a fixed weekly salary. The petitioner is an experienced public works contractor, and previously had been found to be in willful violation of the prevailing wage law based upon payroll practices identical to those at issue here (*see, Matter of Nelson's Lamp Lighters v Hudacs,* 204 AD2d 814, 816; *Matter of Tenalp Constr. Corp v Roberts, supra*). Furthermore, although there is evidence of the petitioner's cooperation when the violations were brought to its attention, such evidence does not preclude a finding of willfulness (*see, Matter of Nelson's Lamp Lighters v Hudacs, supra*). Accordingly, we find the Commissioner's determination to be supported by substantial evidence.

We have considered the petitioner's remaining contentions and find them to be without merit. O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.