■ In the Matter of DANIEL MADERA, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [47 NYS3d 260]—

Determination of respondent New York City Housing Authority, dated October 9, 2014, which, after a hearing, terminated petitioner's employment on specified grounds of incompetency and misconduct, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Manuel J. Mendez, J.], entered May 15, 2015), dismissed, without costs.

The determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180-181 [1978]), and the penalty does not shock our sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 233 [1974]). The record demonstrates that petitioner directed abusive and offensive language at coworkers and that he was insubordinate. His relatively unblemished work history does not warrant a different determination.

Petitioner failed to demonstrate that he was denied due process. His argument that the charges lacked specificity was not raised at the administrative level and therefore was not preserved for review (*see Green v New York City Police Dept.,* 34 AD3d 262, 263 [1st Dept 2006]). The trial officer did not abuse his discretion in declining to adjourn the hearing after petitioner's counsel withdrew from the proceeding due to his inability to contact petitioner despite repeated efforts (*see Matter of Dennelly v County Attorney of Nassau County,* 88 AD2d 912, 913 [2d Dept 1982] ["a person cannot employ delaying tactics to indefinitely defer a disciplinary hearing"]). Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.