Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Diane Y. Devlin, J.], entered January 26, 2017) to review a determination of respondent. The determination permitted the establishment of a group home for developmentally disabled adults. It is hereby ordered that the determination is confirmed without costs and the petition is dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging respondent’s determination, made after a hearing, to permit the establishment of a community residential facility for the developmentally disabled within petitioner, and the matter was transferred to this Court pursuant to CPLR 7804 (g). We reject petitioner’s contention that it was denied its right to due process based on the Hearing Officer’s denial of its requests for an adjournment of the hearing (see Matter of Frederick G. v New York State Cent. Register of Child Abuse & Maltreatment, 53 AD3d 1075, 1076 [4th Dept 2008]; cf. Matter of Crimi v Droskoski, 217 AD2d 698, 699 [2d Dept 1995]). The record establishes that the Hearing Officer provided petitioner with an additional 21 days beyond the 15-day period within which it was required by statute to hold the hearing (see Mental Hygiene Law § 41.34 [c] [5]). Moreover, more than three months elapsed between the time the sponsoring agency gave notice that it had selected a site for the proposed facility and the date of the hearing, and thus petitioner had ample time to prepare for the hearing. Petitioner contends that, if it had been given additional time to prepare for the hearing, it could have proposed alternative sites, and thus the denial of an adjournment was an abuse of discretion. If petitioner believed that another site would be appropriate, however, it should have suggested another site in response to the sponsoring agency’s initial notice or, if needed, asked for time to find such a site (see Mental Hygiene Law § 41.34 [c] [1] [B]). Instead, petitioner decided to object to the facility outright (see § 41.34 [c] [1] [C]), which led the sponsoring agency to request an “immediate hearing” (§ 41.34 [c] [5]). We therefore respectfully disagree with our dissenting colleague that there was no reason for petitioner to anticipate preparing for a hearing upon receiving notice from the sponsoring agency. We further respectfully disagree with our dissenting colleague that an adjournment should have been granted so that petitioner could study traffic and waste disposal concerns. In its requests for an adjournment, petitioner did not state that it needed time to study those issues. It was not until after the decision of respondent’s Acting Commissioner, in which she stated that petitioner’s traffic and septic concerns were not based on any studies, that petitioner argued that it should have been granted an adjournment to study those issues. To the extent that petitioner contends that its stated reason of needing “time to prepare” encompassed those specific issues, we reject that contention. To conclude otherwise would mean that adjournments should always be granted upon request, even when it is well settled that the decision to grant or deny an adjournment is a matter of discretion (see Redd v Juarbe, 124 AD3d 1274, 1276 [4th Dept 2015]). We reject petitioner’s further contention that the determination is not supported by substantial evidence (see generally Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239 [1997]). Respondent considered the concentration of similar facilities in the area, and determined that the nature and character of the area in which the facility is to be based would not be substantially altered as a result of establishment of the facility (see Mental Hygiene Law § 41.34 [c] [5]; Jennings, 90 NY2d at 240-241). Although petitioner submitted evidence that two neighboring towns had fewer such facilities than petitioner, the record establishes that other neighboring towns had more facilities than petitioner. In any event, “[t]he mere presence of other facilities already situated in a particular area cannot be the sole basis for denying the establishment of a similar new facility when such need for that facility is demonstrated” (Jennings, 90 NY2d at 242; see Matter of City of Mount Vernon v OMRDD, 56 AD3d 771, 772 [2d Dept 2008]; Matter of Town of Huntington v Maul, 52 AD3d 725, 726 [2d Dept 2008]). Petitioner’s objection to “the suitability of the proposed site[ ] was not relevant” to the issue whether the group home would substantially alter the nature and character of the neighborhood (Town of Pleasant Val. v Wassaic Dev. Disabilities Servs. Off., 92 AD2d 543, 544 [2d Dept 1983]). We have considered petitioner’s remaining contention and conclude that it is without merit. All concur except Whalen, P.J., who dissents and votes to grant the petition in part and annul the determination in accordance with the following memorandum.