Matter of Alves v New York City Hous. Auth. (2020 NY Slip Op 01250)





Matter of Alves v New York City Hous. Auth.


2020 NY Slip Op 01250


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11072 151600/17

[*1] In re Dennis Alves, Petitioner,
v
New York City Housing Authority, Respondent.


Carbonaro Law, PC, New York (Joseph W. Carbonaro of counsel), for petitioner.
Kelly D. MacNeal, New York (Jane E. Lippman of counsel), for respondent.



Determination of respondent, dated February 10, 2017, which, after a hearing, sustained charges of misconduct brought against petitioner and terminated his employment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Nancy M. Bannon, J.], entered May 18, 2018), dismissed, without costs.
The determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). Petitioner did not contest one of the two charges of misconduct. Concerning the other charge, the testimony of petitioner's supervisor established that petitioner left a work assignment without authorization and then refused to return to the location when instructed to do so. The supervisor's testimony and time records submitted at the hearing also showed that the supervisor called petitioner shortly after petitioner left the work location, that petitioner was either still at the location or nearby at the time of the call, and that petitioner was dishonest when he said he was already at another work location approximately 40 minutes away and could not return.
Respondent's consideration of uncharged conduct to refute petitioner's defense, that he left the work location in good faith to perform work at another location closer to his home, was not improper (see Matter of Rounds v Town of Vestal, 15 AD3d 819, 822 [3d Dept 2005]). Respondent properly considered such conduct when assessing petitioner's motivation for leaving the work location without authorization, lying to his supervisor about his whereabouts, and then refusing to return (see Matter of Rodriguez v State Bd. for Professional Med. Conduct, 110 AD3d 1268, 1272-1273 [3d Dept 2013]).
The termination of petitioner's employment does not shock one's sense of fairness (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). The sustained charges against petitioner involved findings of dishonesty and either neglect of petitioner's job [*2]responsibilities or refusal to report to a work assignment. For one of the two charges, petitioner's misconduct resulted in a hazardous condition that posed a significant risk of physical danger to residents or visitors at respondent's building.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK