Matter of Robinson v Hiatt (2025 NY Slip Op 06793)

Matter of Robinson v Hiatt

2025 NY Slip Op 06793

Decided on December 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 04, 2025

Before: Kern, J.P., Friedman, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 151639/24|Appeal No. 5278|Case No. 2025-00490|

[*1]In the Matter of Terrence Robinson, Petitioner,
v
Lisa Bova Hiatt etc., et al., Respondents.

Massena Law, P.C., New York (Alain V. Massena of counsel), and Washington Law, PC, New York (Richard Washington of counsel), for petitioner.
David Rohde, New York City Housing Authority, New York (Alexander E. Lloyd of counsel), for respondents.

Determination of respondent New York City Housing Authority (NYCHA), dated October 25, 2023, which, after a hearing, terminated petitioner's employment with NYCHA, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Lyle E. Frank, J.], entered on or about November 6, 2024), dismissed, without costs.
The disciplinary proceedings were timely commenced under Civil Service Law § 75(4), as petitioner was served with the amended charges within 18 months of the earliest of the various charged incidents of misconduct (see Mikoleski v Bratton, 249 AD2d 83, 84 [1st Dept 1998]). We reject petitioner's argument that any delay in commencing the hearing prejudiced him because the delay was caused by his own violation of NYCHA's vaccine policy (see e.g. Gerber v New York City Hous. Auth., 42 NY2d 162, 165 [1977]).
Substantial evidence supported the trial officer's report sustaining 14 of the 15 charges of employee misconduct and incompetence leveled against petitioner (see Matter of Madera v New York City Hous. Auth., 146 AD3d 733, 733 [1st Dept 2017]). NYCHA submitted testimony from petitioner's former supervisors, along with multiple counseling memoranda, which showed that petitioner repeatedly refused to comply with their directives and to perform the tasks assigned to him. The testimony also established that petitioner became argumentative and hostile when asked to complete tasks, to the extent that his behavior required reports to NYCHA's Office of Safety and Security.
We reject petitioner's arguments concerning respondent's witnesses' alleged bias and inconsistent testimony, since there exists no basis to disturb the credibility determinations of the trial officer (see Matter of Scantlebury v New York City Police Dept., 178 AD3d 502, 503 [1st Dept 2019]).
Termination of petitioner's employment does not shock one's sense of fairness as it is not so disproportionate to the seriousness of the multiple charges of misconduct and incompetency proven (see Alves v New York City Hous. Auth., 180 AD3d 553, 554 [1st Dept 2020]). Moreover, petitioner submitted no evidence showing that he was terminated after engaging in protected activity, and the record was clear that he was discharged due to his own incompetence and misconduct (see Matter of Shapiro v Commissioner of Labor, 112 AD3d 412, 413 [1st Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 4, 2025