■ In the Matter of GLENN M. SPIELMAN, as Mayor, et al., Petitioners, v JAMES E. INTRONE, as Commissioner of the Office of Mental Retardation and Developmental Disabilities of State of New York, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent

Commissioner of the State Office of Mental Retardation and Developmental Disabilities, dated April 27, 1981, which found that the establishment of a community residence facility at a contested location would be appropriate. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remanded to the respondent for further proceedings consistent herewith. Respondent seeks to establish in the Incorporated Village of Lynbrook, at 14 Pearsall Avenue, a community residential facility for eight mentally retarded adults. At the hearing held to establish a record upon which the respondent would determine the suitability of the proposed site, it was revealed that there is a house at 80 Pearsall Avenue two blocks from the proposed site, which is licensed by the Department of Social Services to care for three people suffering from emotional problems and/or alcoholism. Respondent stated that that property was not a "community residence or similar facility" and therefore refused to consider it in reaching his determination. Such a conclusion is unwarranted. Section 41.34 (subd [b], par [5]) of the Mental Hygiene Law states that the commissioner is to consider "the existing concentration of such facilities and other similar facilities licensed by other state agencies in the municipality". The facility at 80 Pearsall Avenue, while not a " '[c]ommunity residential facility for the disabled' " under section 41.34 of the Mental Hygiene Law, is a " '[c]ommunity residential facility' " within the definition of section 463 of the Social Services Law. The *Mental Hygiene Law* contemplates that facilities licensed by other State agencies, which would include the one at 80 Pearsall Avenue, be considered by the commissioner in reaching his determination. The existence of such a facility does not necessarily preclude the establishment of another facility, but should be considered by the commissioner in determining whether the proposed site will alter the character of the neighborhood. The commissioner was not required to consider the facility located in Malverne, which is about 7/10 of a mile from the proposed site. The Mental Hygiene Law, as it currently reads, requires that the commissioner consider only those facilities in the same municipality in reaching his determination. While we acknowledge that section 41.34 (subd [b], par [5]) of the Mental Hygiene Law has been amended to require the commissioner to consider also those facilities in the area in proximity to the site selected, even if not within the municipal boundaries, that amendment is not scheduled to take effect until September 1, 1982. Thus, it cannot be relied upon in the instant case. Gibbons, J. P., Weinstein, O'Connor and Boyers, JJ., concur.