■ In the Matter of the TOWN OF BEDFORD, Petitioner, v STATE OF NEW YORK OFFICE OF MENTAL RETARDATION AND

DEVELOPMENTAL DISABILITIES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities (hereinafter the commissioner), dated June 26, 1987, which, after a hearing pursuant to Mental Hygiene Law § 41.34, found that the establishment of a community residential facility at a contested location would be appropriate.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

A municipality may only object to the establishment of a community residential facility on the ground that it would create such a concentration of similar facilities in the area so as to substantially alter the character and nature of the area *(see,* Mental Hygiene Law § 41.34 [c] [1] [C]). The petitioner has the burden of proof to demonstrate that the proposed facility would cause an oversaturation of similar facilities *(see, Town of Ramapo v Webb,* 137 AD2d 518). The petitioner raised several objections to the proposed residence, to wit, that (1) the home has an inadequate sewer system, (2) the proposed residence is located on an accident-prone road and would exacerbate the traffic problem, and (3) the proposed residence would result in an increase in resident population in the area which already maintains two large correctional facilities. At the hearing, the petitioner failed to proffer any evidence such as septic or traffic studies to indicate that the project would detrimentally alter the nature and character of the community. In fact, the Town Planner acknowledged that the proposed facility would not create an oversaturation of similar facilities in the area. The petitioner's conclusory allegations that the facility would negatively impact on the area are insufficient to meet its burden of proof *(see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities,* 112 AD2d 1042). The commissioner properly excluded the correctional facilities from his consideration of whether the proposed residence would saturate the area, as correctional facilities are not similar facilities within the purview of the statute *(see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities, supra).* Despite the fact that one of the residential facilities already approved within the town has not yet opened, the sponsoring agency clearly established that there is a present need for community residences within the county. For the foregoing

reasons, we find that the commissioner's determination was supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

Further, the petitioner failed to raise at the hearing the issue of late notification by the sponsoring agency of its intention to establish the community residence, and, accordingly, waived its right to do so on appeal *(see, Matter of Plaza Realty Investors v New York City Conciliation & Appeals Bd.,* 110 AD2d 704). In any event, the statute provides only that the municipality must be notified, and it does not require that immediate notification be given at the time of the sponsoring agency's initial display of interest in the site. Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.