■ In the Matter of INCORPORATED VILLAGE OF FREEPORT, Petitioner, v ARTHUR Y. WEBB, as Commissioner of the State of New York Office of Mental Retardation and Developmental Disabilities, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, dated March 31, 1988, which after a hearing, approved the site selection of the Incorporated Village of Freeport for a community residential facility.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contentions, the Commissioner's determination which rejected its objections to the establishment of a community residential facility at the location selected by the respondents is supported by substantial evidence (see, Mental Hygiene Law § 41.34 [c]; *Town of Ramapo v Webb*, 137 AD2d 518). The petitioner failed to proffer any evidence, other than conclusory and speculative allegations that the establishment of the facility would cause an overconcentration of similar facilities, thereby altering the character of the area involved (see, Mental Hygiene Law § 41.34 [c]; *Matter of Town of Bedford v State of N. Y. Off. of Mental Retardation & Developmental Disabilities*, 144 AD2d 473; *Town of Ramapo v Webb, supra*).

We have examined the petitioner's other contentions and find them to be without merit. Mollen, P. J., Mangano, Rubin and Kooper, JJ., concur.