■ In the Matter of IRENE PAINO, Individually and as Supervisor of the Town of Wappinger, Petitioner, v ARTHUR Y. WEBB, as Commissioner of the State of New York Office of Mental Retardation, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the State of New York Office of Mental Retardation, dated February 2, 1988, which after a hearing, rejected the petitioner's objection to the establishment of a community residential facility.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The party contesting the establishment of a community residence facility must show that it would result in a concentration of the same or similar facilities such that the nature and character of the area would be altered (see, Mental Hygiene Law § 41.34 [c] [5]; Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities, 121 AD2d 388). Such challenges may be sustained only when the evidence offered in opposition is concrete and of a convincing nature (see, Grasmere Homeowners' Assn. v Introne, 84 AD2d 778). The record before us does not show concrete and convincing evidence that such a detrimental alteration would occur (see, Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Developmental Disabilities, supra, at 388). Moreover, the Commissioner's determination to the contrary was supported by substantial evidence (see, Town of Ramapo v Webb, 137 AD2d 518).

We further conclude that the record contains substantial evidence to support the Commissioner's finding that the alternative sites proposed by the petitioner for a community residential facility were not superior to the site selected by the sponsoring agency (see, Town of Ramapo v Webb, supra, at 518).

The petitioner's contention that the Commissioner's determination should be annulled because he failed to conduct a hearing within 15 days of the request therefor and to render a determination within 30 days of the hearing is meritless. This court has previously ruled that the time requirements set forth in Mental Hygiene Law § 41.34 (c) (5) are directory and not mandatory (see, Town of Pleasant Val. v Wassaic Developmental Disabilities Servs. Off., 92 AD2d 543). Furthermore, the petitioner was in no way prejudiced by the minor delay which occurred.

We have reviewed the petitioner's remaining contention and conclude that it is without merit. Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.