■ In the Matter of VILLAGE OF ISLAND PARK, Petitioner, v COMMISSIONER OF THE NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Office of Mental Health,

dated April 23, 1990, which found that the establishment of a community residence facility at a contested location would be appropriate.

Adjudged that the petition is granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent Commissioner of the New York State Office of Mental Health for further proceedings consistent herewith.

The respondent South Shore Association for Independent Living, Inc., seeks to establish a community residential facility for 11 psychiatrically disabled adults at 207 Quebec Road in the Incorporated Village of Island Park. At the hearing it was established that a private proprietary home for adults, Abbey Manor, is located approximately six tenths of a mile from the proposed site. Abbey Manor is licensed by the Department of Social Services and has 99 patients. Ninety three of the patients are psychiatric patients and 85 of the patients have an in-patient history. The Hearing Officer ruled that Abbey Manor is not a "similar facility" within the meaning of Mental Hygiene Law § 41.34 and did not take any evidence concerning Abbey Manor. He recommended to the Commissioner that it is not a "same or similar facility" as contemplated by Mental Hygiene Law § 41.34. The Commissioner stated that Abbey Manor is not a "similar facility" and therefore refused to consider it in reaching his determination.

Mental Hygiene Law § 41.34 (c) (5) states that the Commissioner is to consider "the existing concentration of such facilities and other similar facilities licensed by other state agencies * * * in the area in proximity to the site selected and any other facilities in the municipality or in the area in proximity to the site selected providing residential services to a significant number of persons who have formerly received in-patient mental health services in facilities of the office of mental health" (Mental Hygiene Law § 41.34 [c] [5]). Abbey Manor is both a "similar facility" under Mental Hygiene Law § 41.34 (see, Matter of Spielman v Introne, 88 AD2d 958) and a facility providing residential services to a significant number of persons who have formerly received in-patient mental health services by the Office of Mental Health. The existence of such a facility should have been considered by the Commissioner in determining whether the proposed site will alter the nature and character of the neighborhood.

However, we reject the petitioner's contention that the Hearing Officer was biased since there has been no factual demonstration to support the contention or proof that the

outcome flowed from any such bias *(see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833; *Matter of Warder v Board of Regents,* 53 NY2d 186, *cert denied* 454 US 1125). Furthermore, all of the evidence which the petitioner claims to have been barred by the Hearing Officer from introducing was, in fact, ultimately introduced at the hearing. Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.