OPINION OF THE COURT
George A. Murphy, J.
Upon the foregoing papers, and after oral argument on *381 December 3, 1990, the motion by the petitioner for an order annulling the determination of respondent Commissioner of New York State Office of Mental Health (Commissioner) dated November 15,1990, is granted.
After reviewing the Commissioner’s lengthy November 15 determination, this court finds that the Commissioner’s misinterpretation of the basic thrust of the recent order of the Appellate Division in this action, dated October 1, 1990, led him to make a unilateral decision without giving the petitioner and respondent South Shore Association for Independent Living, Inc. (SAIL) an opportunity to submit additional evidence that was not presented in the first hearing. In its October 1, 1990, order the Appellate Division annulled the determination of the Commissioner dated April 23, 1990, which found that the establishment of a community residence facility for 11 psychiatrically disabled adults at a contested location in the Village of Island Park would be appropriate, and "remitted [the matter] to the respondent Commissioner * * * for further proceedings consistent herewith” (Village of Is. Park v Commissioner of New York State Off. of Mental Health, 166 AD2d 450, 451 [emphasis added]).
The specific question which, in the view of the Appellate Division and this court, remains undetermined is "whether the proposed site [for a community residential facility] will alter the nature and character of the neighborhood” given the existence of a "similar facility”, Abbey Manor, a private proprietary home for adults having 99 patients and located approximately 6/io of a mile from the proposed site (Village of Is. Park v Commissioner of New York State Off. of Mental Health, supra, at 451). The Appellate Division noted that the Hearing Officer "did not take any evidence concerning Abbey Manor” and concluded that "[t]he existence of such a facility should have been considered by the Commissioner”. This substantial lapse in the record is neither saved nor negated by the court’s mere observation that certain written documentation ultimately found its way into the record.
Thus it is clear to this court that the Appellate Division remanded this matter, not to simply render a revised decision in accordance with the mandate of Mental Hygiene Law § 41.34 (c) (5) and after a mere reevaluation of the evidence submitted at the hearing; rather, the purpose of the remand in the court’s view was to probe the matter further in the course of a supplemental hearing, at which time evidence would be presented by all parties and upon which the Com *382 missioner can make an objective decision in accordance with the predicate established by the Appellate Division. A climate of fairness in these types of hearings must be created at all times in order to further the aims of New York’s program to meet the needs of psychiatrically disabled adults as well as ultimately ease acceptance by communities of a residential facility or home for these adults.
Accordingly, the motion by the petitioner for an order annulling the determination of respondent Commissioner on November 15, 1990, is granted and the matter is remitted back to the Commissioner for further proceedings in accordance with this decision and the order of the Appellate Division dated October 1,1990.
The cross motion by respondent South Shore Association for Independent Living, Inc. for an order vacating the temporary restraining order is denied. The court considered respondents’ oral and written applications for this relief, despite the absence of an affidavit of service, since the plaintiff did not contest service and responded to the cross motion.