■ In the Matter of the INCORPORATED VILLAGE OF ISLAND PARK, Petitioner, v COMMISSIONER OF NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Office of Mental Health, dated June 3, 1991, which after a hearing, found that the establishment of a community residential facility would be appropriate.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The Commissioner's determination was supported by substantial evidence. In assessing the need for the facility within the municipality, the Commissioner properly considered the need within Nassau County and was not required to look only to the need of the Village or the particular area (see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Dev. Disabilities, 160 AD2d 1011).

Furthermore, the petitioner failed to demonstrate that the establishment of this facility would result in an overconcentration of the same or similar facilities so as to substantially alter the nature and character of the area (see, Mental Hygiene Law § 41.34 [c] [5]; Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Dev. Disabilities, 112 AD2d 1042).

We have reviewed the petitioner's remaining contentions and conclude that they are without merit. Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.