■ In the Matter of TOWN OF MOUNT PLEASANT et al., Petitioners, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents. [606 NYS2d 296] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Mental Health, dated August 22, 1990, which, after a hearing, permitted the respondents to establish a community residential facility at 11 Sunset Drive in the Town of Mount Pleasant.

Adjudged that the determination is confirmed and the petition is dismissed on the merits, with costs.

We find that the Commissioner's determination was supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). The party contesting the establishment of a community residential facility must show that it would result in a concentration of the same or similar facilities such that the nature and character of the area would be altered (see, Matter of Paino v Webb, 152 AD2d 699). Such challenges may be sustained only when the evidence offered in opposition is clear and of a convincing nature (see, Grassmere Homeowners' Assn. v Introne, 84 AD2d 778). In this record there is no clear and convincing evidence that such a detrimental alteration would occur. The petitioners' contentions that the establishment of the proposed facility would adversely affect the tax base and overload the existing septic system are conclusory and insufficient to meet their burden of proof (see, Matter of Town of Bedford v State of N. Y. Off. of Mental Retardation & Dev. Disabilities, 144 AD2d 473).

The Commissioner erred, however, in declining to consider a 24-bed facility for mentally ill persons solely on the ground that it contained more than 14 beds, and thus failed to qualify as a "similar facilit[y]" within the meaning of Mental Hygiene Law § 41.34 (c) (5). We have previously rejected the Commissioner's construction of the statutory term "similar facilities" to include only those residences having 4 to 14 beds (see, Matter of Village of Is. Park v Commissioner of N. Y. State Off. of Mental Health, 166 AD2d 450, 451; Matter of Spielman v Introne, 88 AD2d 958). Although the Commissioner's construction has been upheld by the Appellate Division, Third Department (see, Matter of City of Beacon v Surles, 161 AD2d

945) and Fourth Department *(see, Matter of Village of Newark v Introne,* 84 AD2d 936), we adhere to our prior holdings which have rejected this construction of the statute *(see, Matter of Village of Is. Park v Commissioner of N. Y. State Off. of Mental Health, supra; Matter of Spielman v Introne, supra).*

Notwithstanding the similarity of the 24-bed residence to the proposed facility, it was still properly excluded from consideration. The record demonstrates that the 24-bed facility is over 2½ miles from the proposed site, and therefore is not "in the area in proximity to the site selected" (Mental Hygiene Law § 41.34 [c] [5]). Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.