In the Matter of TOWN OF CLARKSTOWN, Petitioner, v ELIN M. HOWE, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, et al., Respondents. [613 NYS2d 269] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, dated December 26, 1991, which, after a hearing, found that the establishment of a community residential facility in the Town of Clarkstown would be appropriate.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

We find that the Commissioner's determination was supported by substantial evidence. In assessing the need for the facility within the municipality, the Commissioner properly considered the need within Rockland County and was not required to look only to the need of the Town or the particular area *(see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 191 AD2d 572; *Matter of Incorporated Vil. of Is. Park v Commissioner of N. Y. State Off. of Mental Health,* 186 AD2d 654; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Dev. Disabilities,* 160 AD2d 1011).

Furthermore, the petitioner failed to demonstrate that the establishment of this facility would result in an overconcentration of the same or similar facilities so as to substantially alter the nature and character of the area *(see,* Mental Hygiene Law § 41.34 [c] [5]; *see also, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, supra; Matter of Incorporated Vil. of Is. Park v Commissioner of N. Y. State Off. of Mental Health, supra).*

We have examined the petitioner's remaining contentions

and find them to be without merit. Rosenblatt, J. P., Ritter, Goldstein and Florio, JJ., concur.