■ In the Matter of BEECH HILL CIVIC ASSOCIATION, INC., et

al., Petitioners, v ELIN M. HOWE, as Commissioner of the New York State Office of Mental Health, et al., Respondents. [613 NYS2d 694] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Mental Health, dated June 5, 1992, which, after a hearing, approved the establishment of a community residence facility for the developmentally disabled.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Initially, the failure of the Westchester Association for Retarded Children to notify the "chief executive officer" of the City of Yonkers (hereinafter the City) of its intention to establish the proposed facility at the subject site, as required by Mental Hygiene Law § 41.34 (c) (1), was harmless and did not invalidate the proceedings. The City was not prejudiced since it received notice through the mayor and it filed an objection within the 40-day limit (Matter of Town of Brunswick v Webb, 145 AD2d 844; Town of Pleasant Val. v Wassaic Dev. Disabilities Servs. Off., 92 AD2d 543).

Further, the Commissioner's determination was supported by substantial evidence and was not arbitrary and capricious. In assessing the need for the facility within the municipality, the Commissioner properly considered the need for such facilities within Westchester County and was not required to consider only the need for such facilities in the City or the Beech Hill area (see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, 191 AD2d 572).

Moreover, the petitioners failed to meet their burden of adducing clear and convincing proof that the establishment of this facility would result in an overconcentration of the same or similar facilities so as to substantially alter the nature and character of the area (see, Mental Hygiene Law § 41.34 [c] [5]; Matter of Town of Mount Pleasant v New York State Off. of Mental Health, 200 AD2d 576; Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, supra; Matter of Town of Oyster Bay v Surles, 189 AD2d 767). In fact the City representative specifically testified that after an investigation the City could not find an overconcentration of such facilities in the Beech Hill area.

The petitioners' remaining contentions are without merit. Mangano, P. J., Altman, Hart and Florio, JJ., concur.