■ In the Matter of TOWN OF BROOKHAVEN, Petitioner, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents. [624 NYS2d 575] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Office of Mental Health, dated January 5, 1994, which, after a hearing, authorized the respondent Human Resources Research and Management Group, Inc., to establish a community residential facility at a certain location.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

A party contesting the establishment of a community residential facility must demonstrate that it would result in a concentration of the same or similar facilities such that the nature and character of the area would be substantially altered *(see,* Mental Hygiene Law § 41.34 [c] [1] [C]; *Matter of Town of Mount Pleasant v New York State Off. of Mental Health,* 200 AD2d 576; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 166 AD2d 709). The challenge may be sustained only when there is clear and convincing evidence of both overconcentration and a substantial alteration of the nature and character of the community *(see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, supra,* at 709). In this proceeding, the petitioner failed to sustain this burden, by clear and convincing evidence, and we find that the determination of the New York State Office of Mental Health was supported by substantial evidence *(see, Matter of Town of Mount Pleasant v New York State Off. of Mental Health,*

*supra; Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, supra; Matter of Town of Oyster Bay v Office of Mental Retardation & Dev. Disabilities,* 121 AD2d 389).

In light of our determination, it is unnecessary to address the petitioner's remaining contentions. Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.