■ In the Matter of TOWN OF OYSTER BAY, Petitioner, v THOMAS A. MAUL, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, et al., Respondents. [647 NYS2d 240] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Thomas A. Maul, Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, dated June 5, 1995, which, after a hearing, rejected the petitioner's objection to the establishment of a community residential facility for the disabled in Plainview, New York.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner Town of Oyster Bay contends that the determination in question should be annulled based on its claim that there is a disproportionate distribution of community residential facilities for the disabled in Nassau County and that the Town of Oyster Bay has more than its fair share of such facilities. We reject this contention. Mental Hygiene Law § 41.34 clearly provides that the *only* ground for sustaining a municipality's objection to the establishment of a community residential facility for the disabled is that it would create such a concentration of similar facilities in an area that it would substantially alter the nature and character of the area (Mental Hygiene Law § 41.34 [c] [1] [C]; [5]; *Matter of Town of Mount Pleasant v New York State Off. of Mental Health,* 200 AD2d 576; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health,* 166 AD2d 709; *Matter of Town of Bedford v State of N. Y. Off. of Mental Retardation & Dev. Disabilities,* 144 AD2d 473, 474). The concerns expressed by the residents of Plainview and Bethpage regarding, among other things, increased traffic, the adequacy of parking, the safety of children, the erosion of the area's tax base, and the decline of property values were properly rejected by the Commissioner since they are speculative and undocumented *(see, Matter of Town of Mount Pleasant v New York State Off. of Mental Health, supra; Matter of Town of Brunswick v Webb,* 145 AD2d 844, 845; *Matter of Fisher v Webb,* 136 AD2d 806, 807). The petitioner presented no concrete evidence that the establishment of the facility in question, together with the other existing facilities in the area, would substantially change

the nature and character of Plainview and Bethpage *(see, Matter of Cedar Grove Civic Homeowners Assn. v Maul,* 225 AD2d 618; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, supra).* The approximately 17 existing facilities in the area that the Commissioner found to be similar to the proposed facility are spread out over a two-mile radius or an area of approximately 12¹/₂ square miles *(cf., Matter of Cedar Grove Civic Homeowners Assn. v Maul, supra),* and only one of those facilities is within a one-mile radius of the proposed facility.

Accordingly, there was substantial evidence to support the determination. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.