■ In the Matter of TOWN OF SOUTHAMPTON, Petitioner, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents. [655 NYS2d 647] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, James L. Stone, Acting Commissioner of the New York State Office of Mental Health, dated October 24, 1995, which, after a hearing, granted the application of Aid to the Developmentally Disabled, Inc., to establish a community residential facility for the mentally disabled in the Town of Southampton.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs, payable to the respondents appearing separately and filing separate briefs.

A party contesting the establishment of a community residential facility must demonstrate by clear and convincing evidence that the residence would create an overconcentration of similar facilities such that the nature and character of the area would be substantially altered. The petitioner's proof, consisting mainly of conclusory assertions to the effect that the Town was becoming a "dumping ground" and that it was saturated with these types of residences, was insufficient to meet its burden. Further, we find that the determination of the New York State Office of Mental Health was supported by substantial evidence (see, Mental Hygiene Law § 41.34 [c] [5]; *Matter of Town of Brookhaven v New York State Off. of Mental Health,* 214 AD2d 617; *Matter of Town of Mount Pleasant v New York State Off. of Mental Health,* 200 AD2d 576; *Matter of Town of Hempstead v Commisioner of State of N. Y. Off. of Mental Retardation & Dev. Disabilities,* 160 AD2d 1011). Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.