■ In the Matter of TOWN OF GATES, Petitioner, v COMMISSIONER OF NEW YORK STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES et al., Respondents. [667 NYS2d 568] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The determination of respondent Commissioner of New York State Office of Mental Retardation and Developmental Disabilities (Commissioner), rejecting the objections of petitioner to the establishment of a residential facility for developmentally disabled adults in the Town of Gates (Town) (*see,* Mental Hygiene Law § 41.34 [c] [5]), is neither arbitrary nor capricious and is supported by substantial evidence (*see, Matter of Jennings v New York State Off. of Mental Health,* 90 NY2d 227, 239-241). Respondent Finger Lakes Developmental Disabilities Services Office (Finger Lakes) met its burden of showing the need for the residential facility by establishing that there are 364 developmentally disabled persons in Monroe County who are currently in need of some type of residential housing facility (*see, Matter of Town of DeWitt v Surles,* 187 AD2d 969, 970; *Matter of Town of Onondaga v Introne,* 81 AD2d 750). Of that number, there are 182 individuals in the Monroe Developmental Center (Center) operated by Finger Lakes, which was authorized to develop 36 residential placements for the individuals living at the Center. Six individuals living at the Center will be placed in the Gates residential facility. According to the site selection letter, the site was selected because of its access to utilities, including public water and sanitary sewer; its location in a pleasant, safe residential neighborhood; and its accessibility to a variety of community amenities, including shopping, medical and recreational facilities and houses of worship.

The contention of petitioner that Finger Lakes was required to establish a need within the Town for such residential facility is without merit. "In assessing the need for the facility within the [Town], the Commissioner properly considered the need within [Monroe] County and was not required to look only to the need of the Town or the particular area" (*Matter of Town of Clarkstown v Howe*, 205 AD2d 635; *see, Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health*, 191 AD2d 572, 573; *Matter of Town of Brunswick v Webb*, 145 AD2d 844, 845).

The Town contends that it has more than its fair share of similar facilities. Although there are presently six group homes in Gates, the record shows that the number of such facilities is not disproportionate to the number of similar facilities in other towns. Two towns in Monroe County have higher rates of group homes per square mile, and one town has a similar rate. Other towns referred to by petitioner do not as yet have the necessary sewer facilities. Further, an objection directed to the placement of a residential facility based on the number or proximity of similar facilities may not be upheld in the absence of clear and convincing evidence that the proposed facility would cause an "overconcentration" of similar facilities in the area to such an extent that " 'the nature and character of the areas within the municipality would be altered' " (*Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health*, 170 AD2d 1051, quoting *Grasmere Homeowners' Assn. v Introne*, 84 AD2d 778, 779; *see, Matter of Town of Oyster Bay v Maul*, 231 AD2d 580; *Matter of City of Rome v New York State Off. of Mental Retardation & Dev. Disabilities*, 214 AD2d 1029, 1030). The Town failed to meet that burden. The proposed site is a one-story ranch house that will remain a single-family unit and will not be distinguished in any way from the other one- and two-story homes on the street.

The other contentions raised by petitioner, such as the erosion of the Town's tax base, were properly rejected by the Commissioner (*see, Matter of Town of Oyster Bay v Maul, supra*; *Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Retardation & Dev. Disabilities*, 112 AD2d 1042, 1043). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Frazee, J.) Present—Lawton, J. P., Hayes, Wisner, Callahan and Boehm, JJ.