■ In the Matter of TOWN OF MT. PLEASANT, Petitioner, v TERESA TOULON et al., Respondents. [739 NYS2d 445] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Office of Mental Retardation and Development Disabilities, dated September 12, 2000, which, after a hearing, rejected the petitioner's objection to the establishment of a community residential facility for the developmentally disabled in the Town of Mt. Pleasant.

Adjudged that the petition is dismissed insofar as asserted against the respondent Teresa Toulon, Hearing Officer; and it is further,

Adjudged that the determination is confirmed and the proceeding is otherwise dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The petitioner has not raised any claims against the respondent Teresa Toulon, a Hearing Officer, and does not oppose dismissal of the petition as to her. Accordingly, we dismiss the petition as against that respondent.

The determination of the Commissioner of the New York State Office of Mental Retardation and Development Disabilities (hereinafter the Commissioner) is supported by substantial evidence and was not arbitrary and capricious (see Mental Hygiene Law § 41.34 [c] [5]; Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227). Contrary to the petitioner's contention, Matter of Jennings v New York State Off. of Mental Health (supra), does not mandate the Commissioner to define the "designated area" considered in reaching his determination. Moreover, in evaluating whether the establishment of the proposed facility would result in an overconcentration of the same or similar facilities so as to substantially alter the nature and character of the area, the Commissioner was not required to consider the entire town. Rather, "the Commissioner may properly focus on the potential impact upon direct 'neighbors'" (Matter of Jennings v New York State Off. of Mental Health, supra at 241).

Furthermore, the petitioner failed to meet its burden of adducing clear and convincing proof that the establishment of this facility would result in an overconcentration of the same or similar facilities so as to substantially alter the nature and character of the area (see Matter of Town of Brookhaven v State of N.Y. Off. of Mental Retardation & Dev. Disabilities, 261 AD2d 408; Matter of Town of Southampton v New York State Off. of Mental Health, 237 AD2d 614). The petitioner's claim that there is a disproportionate distribution of community residential facilities for the disabled in the Town of Mount Pleasant and that it has more than its fair share of such facilities was insufficient to meet its burden (see Matter of Town of Oyster Bay v Maul, 231 AD2d 579). The concerns raised by the Town and its residents regarding, among other things, erosion of its tax base, the burden on its emergency services, increased traffic, suitability of the proposed site, and the safety of the facility's residents were properly rejected by the Commissioner since they were speculative and undocumented (see Matter of Town of Oyster Bay v Maul, 247 AD2d 545; Matter of Town of Mount Pleasant v New York State Off. of Mental Health, 200 AD2d 576).

The petitioner's remaining contentions are either unpreserved for judicial review (see Johnson v Coughlin, 205 AD2d 537, 538; Matter of Town of Bedford v State of N.Y. Off. of

*Mental Retardation & Dev. Disabilities,* 144 AD2d 473, 475) or without merit (*see Paino v Webb,* 152 AD2d 699; *Matter of Town of Oyster Bay v Webb,* 111 AD2d 760; *Town of Pleasant Val. v Wassaic Dev. Disabilities Servs. Off.,* 92 AD2d 543). Santucci, J.P., Altman, Krausman and Goldstein, JJ., concur.