■ In the Matter of AMIN IJBARA, Appellant, v CITY OF NEW YORK, Respondent. [753 NYS2d 51] —Order and judgment (one paper), Supreme Court, New York County (Paula Omansky, J.), entered on or about November 27, 2001, which denied petitioner's application for a writ of certiorari to vacate respondent's assessment of charges and to remove liens placed on his property, and which granted respondent's cross motion to dismiss the proceeding as barred by the statute of limita-

tions, unanimously reversed, on the law and the facts, without costs, the disposition of the application vacated, the cross motion denied, the petition reinstated and the matter remanded for further proceedings, at which petitioner will have an opportunity to challenge his liability for the cleanups as well as the costs purportedly incurred.

Petitioner owns block 1831, lots numbered 2, 3 and 4, in New York County. These lots correspond to street addresses 2132, 2134 and 2136 Frederick Douglass Boulevard. This proceeding arises from administrative actions of the New York City Department of Health and Department of Finance. The Department of Health undertook to abate a purported nuisance arising from unsanitary conditions on petitioner's lots, and the Department of Finance imposed a lien on petitioner's property correlating with the abatement action. Petitioner maintains that the City, in effect, cleaned up lots other than his, that his did not require cleaning, that secure fencing made them, in fact, inaccessible for both dumping and cleaning, and that the costs charged in that connection were, in any event, excessive. These are, of course, typically factual issues which would be explored at the CPLR article 78 hearing. However, this appeal turns on whether defendant timely made his challenge within the four-month statute of limitations for article 78 proceedings.

Department of Health's Bureau of Pest Control purportedly conducted rodent inspections on petitioner's lots on April 26, 2000. The April 26, 2000 rodent inspection report indicates that the inspection found no active rat infestation, but the lots were said to contain refuse, garbage, rubbish and high weeds. Orders dated April 27, 2000 allegedly were mailed to petitioner at his listed New York County address on Bennett Avenue. The orders provided a five-day notice, directed the landowner to remove the violations and provided that the City would otherwise conduct the cleanup and charge the landowner the cost of the work. None of the orders actually states how the order was mailed, or by whom, nor provides any competent statement that the orders, in fact, were actually mailed.

Documentation in the record indicates that on May 16, 2000, the lots were inspected once more—though, again, petitioner maintains that the City was inspecting the wrong lots. By now, the five-day period had lapsed. A second inspection report was generated. In the appropriate box, each report indicated that the respective five-day notices had been sent on April 27, 2000, but again *no* evidence of an actual mailing is indicated. In any event, the inspection report indicated that the violations were not cured. The Department of Health performed abatement

services between May 16, 2000 and July 12, 2000, involving an aggregate of 2,112 man hours, with lot 2 requiring 718 hours, lot 3 requiring 770 hours and lot 4 requiring 624 hours. As a consequence, the New York City Department of Finance allegedly sent invoices reflecting the cleanups to petitioner, in the amounts of $31,089.40, $33,341, and $27,019.20. The invoices for lots 2 and 3 allegedly were sent on September 16, 2000, and for lot 4 on September 28, 2000. The invoices included in the record, though, are only computer printouts of tax liabilities which, in and of themselves, are meaningless as a means of resolving whether the landowner was notified of any administrative action. These documents are not self-explanatory either as to the basis of the liability or as to the fact of mailing.

Petitioner contends that the first time he became aware of outstanding liabilities in connection with these properties was when he went to the Department of Finance to pay his property taxes on March 9, 2001. Subsequently, the invoices were mailed to his New Jersey address and, upon receipt, he contacted the Department of Health to inform it that liens had been placed on the wrong lots. At that time, he indicated that his own lots were fenced and locked, and were inaccessible either for dumping or for cleaning, but that surrounding lots had been debris-filled. By letter dated April 10, 2001, the Department of Health determined that petitioner was responsible for the cleanup charges.

Petitioner moved by order to show cause dated July 3, 2001, effectively commencing the present article 78 proceeding. Petitioner attached statements from neighbors purporting to support his contention that lots other than his were cleaned, though these statements are not presently helpful as to the matter under review. On August 10, 2001, the City, contending that the four-month statute of limitations commenced with the mailing of invoices on September 16 and September 28, 2000, moved to dismiss the petition as untimely under CPLR 217. By order and judgment entered November 27, 2001, the motion court granted the motion to dismiss.

This record contains no conclusive evidence that any documentation was mailed to petitioner prior to March 2001. In his sworn affidavit in opposition to the motion to dismiss, petitioner states that he received no such documentation. This sworn statement is not rebutted by any sworn statement by any person with knowledge that mailing occurred. No affidavit from a person with knowledge of the mailings is included. Nor is an affidavit submitted from a person with knowledge of the Department's standard procedures, such as might establish

how these records indicate that the notices were mailed. In fact, no statement of any kind is included in the record that explains Department procedures to indicate that the relevant notices were sent (*Matter of Gonzalez [Ross]*, 47 NY2d 922, 923; *Grinan v Santaella*, 89 AD2d 866; *cf. Vita v Heller*, 97 AD2d 464). We find that respondent has failed to prove that the appropriate notices were sent to petitioner at a time prior to March 2001 to show that the filing of the article 78 petition was untimely (*Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 73 [burden rests on party asserting statute of limitations defense to establish that adequate notice was provided more than four months before proceeding was commenced]; *Matter of Raffaele v Town of Orangetown*, 224 AD2d 430). Concur—Tom, J.P., Andrias, Saxe, Rubin and Friedman, JJ.