■ In the Matter of VILLAGE OF PORT CHESTER, Petitioner, v THOMAS AYOTTE et al., Respondents. [823 NYS2d 352]—

Proceeding pursuant to CPLR article 78 to review a determination of Thomas Maul, Commissioner of the State of New York Office of Mental Retardation and Developmental Disabilities, dated February 3, 2005, which, after a hearing, rejected the petitioner's objection to the establishment of a community residential facility for the developmentally disabled in the Village of Port Chester.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.

The determination of the respondent Thomas Maul, Commissioner of the State of New York Office of Mental Retardation and Developmental Disabilities, is supported by substantial evidence (*see* Mental Hygiene Law § 41.34 [c] [5]; *Matter of Village of Wappingers Falls v Maul,* 306 AD2d 416 [2003]; *Matter of Silberman v New York State Off. of Mental Retardation & Dev. Disabilities,* 302 AD2d 599 [2003]). The petitioner failed to meet its burden of adducing clear and convincing evidence that the establishment of the subject community residential facility would result in an overconcentration of the same or similar facilities so as to substantially alter the nature and character of the area (*see Matter of Town of Mt. Pleasant v Toulon,* 292 AD2d 615 [2002]; *Matter of Incorporated Vil. of Westbury v Maul,* 263 AD2d 508 [1999]; *Matter of Town of Oyster Bay v Maul,* 247 AD2d 545 [1998]). Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASIRU BAKARE, Appellant. [823 NYS2d 751]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Wong, J.), imposed January 29, 2003, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Adams, Krausman, Spolzino and Lunn, JJ., concur.