█ In the Matter of TOWN OF HUNTINGTON, Petitioner, v THOMAS MAUL et al., Respondents. [861 NYS2d 97]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Thomas Maul, Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, dated August 21, 2006, which, after a hearing, rejected the petitioner's objection to the establishment of a community residential facility for the disabled in the Town of Huntington.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs.

"[T]he only ground for sustaining a municipality's objection to the establishment of a community residential facility for the disabled is that it would create such a concentration of similar facilities in an area that it would substantially alter the nature and character of the area" (*Matter of Town of Oyster Bay v Maul,* 231 AD2d 579, 579 [1996]; *see* Mental Hygiene Law § 41.34 [c] [1] [C]; [5]), which the municipality must establish by clear and convincing evidence (*see Matter of Village of Port Chester v Ayotte,* 34 AD3d 489 [2006]; *Matter of Town of Mount Pleasant v New York State Off. of Mental Health,* 200 AD2d 576 [1994]). "The petitioner's claim that there is a disproportionate distribution of community residential facilities for the disabled in the [town] and that it has more than its fair share of such facilities was insufficient to meet its burden" (*Matter of Town of Mt. Pleasant v Toulon,* 292 AD2d 615, 616 [2002]; *see Matter of Town of Oyster Bay v Maul,* 231 AD2d 579 [1996]).

The remaining concerns raised by the Town and its residents regarding, among other things, the safety of the facility's residents, increased traffic, the adequacy of parking, the safety of children, the erosion of the area's tax base, and the decline of property values were properly rejected, since these concerns were "speculative and undocumented" (*Matter of Town of Oyster Bay v Maul,* 231 AD2d at 579; *see Matter of Town of Mt. Pleasant v Toulon,* 292 AD2d at 616). Accordingly, the determination was supported by substantial evidence and must be confirmed (*see* Mental Hygiene Law § 41.34 [c] [5]; *Matter of Jennings v New York State Off. of Mental Health,* 90 NY2d 227 [1997]). Spolzino, J.P., Covello, Dickerson and Eng, JJ., concur.