Proceeding pursuant to CPLR article 78 to review a determination of Diana Jones Ritter, Commissioner of the State of New York Office of Mental Retardation and Developmental Disabilities, which, after a hearing, rejected the petitioner’s objection to the establishment of a community residential facility for the developmentally disabled in the City of Mount Vernon.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Contrary to the contention of the State of New York Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD), the instant proceeding is not barred by the 30-day statute of limitations provided in Mental Hygiene Law § 41.34 (d). The critical date for determining when Mount Vernon’s time to commence this proceeding began to run is not the date OMRDD’s determination was served on Mount Vernon’s mayor. Rather, it is the date that determination was served on Mount Vernon’s corporation counsel, for “basic procedural dictates and fundamental policy considerations . . . require that once counsel has appeared in a matter a Statute of Limitations or time requirement cannot begin to run unless that counsel is served with the determination or the order of judgment sought to be reviewed” (Matter of Bianca v Frank, 43 NY2d 168, 173 [1977]). Since OMRDD failed to present any evidence as to when its determination was served on Mount Vernon’s corporation counsel, it failed to carry its burden of proof establishing that the proceeding is time-barred (id.; see Matter of Ijbara v City of New York, 300 AD2d 251, 254 [2002]).
However, contrary to Mount Vernon’s contention, the sponsoring agency, here, Westchester Arc, did not violate the relevant *772 provisions of Mental Hygiene Law § 41.34 (c) (1). That provision of the statute requires the sponsoring agency to provide the chief executive officer of the municipality with “the most recently published data compiled pursuant to section four hundred sixty-three of the social services law which can reasonably be expected to permit the municipality to evaluate all such facilities affecting the nature and character of the area wherein such proposed facility is to be located.” Here, the sponsoring agency complied with its statutory duty.
While Mount Vernon contended at a hearing that there were 12 more similar facilities in the area than included in the list the sponsoring agency provided, the evidence it presented in this regard failed to establish that these additional facilities were in fact “[c]ommunity residential facilities] for the disabled” as that term is defined in Mental Hygiene Law § 41.34 (a) (1) (Matter of City of Newburgh v Webb, 124 AD2d 371, 372 [1986]; see Matter of Town of Hempstead v Commissioner of State of N.Y. Off. of Mental Retardation & Dev. Disabilities, 112 AD2d 1042, 1043 [1985]). Moreover, any error in the number of facilities listed in the data the sponsoring agency provided was harmless. Mount Vernon’s list of the relevant facilities was accepted at the hearing. The Commissioner of OMRDD determined that even if the facilities on Mount Vernon’s list were considered, there would still not be sufficient proof of substantial alteration. Furthermore, over-concentration, standing alone, is an insufficient basis upon which to sustain Mount Vernon’s objection (see Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 242 [1997]; Matter of Town of Huntington v Maul, 52 AD3d 725 [2008]).
Contrary to Mount Vernon’s contention, substantial evidence supports the Commissioner’s determination that there is a need for the proposed community residential facility (see Mental Hygiene Law § 41.34 [c] [5]; Matter of Town of Gates v Commissioner of N. Y. State Off. of Mental Retardation & Dev. Disabilities, 245 AD2d 1116 [1997]; Matter of City of Rome v New York State Off. of Mental Retardation & Dev. Disabilities, 214 AD2d 1029, 1029-1030 [1995]; Matter of Town of Hempstead v Commissioner of State of N.Y. Off. of Mental Retardation & Dev. Disabilities, 112 AD2d at 1042). In response, Mount Vernon failed to demonstrate, by clear and convincing evidence, that the establishment of the proposed community residential facility would substantially alter the nature and character of the area (see Mental Hygiene Law § 41.34 [c] [5]). The concerns, raised by Mount Vernon and its residents, such as the erosion of the area’s tax base, increased traffic, the burden on emergency *773 services, and the safety of neighboring children, were properly rejected as they were based on conclusory and speculative statements (see Matter of Town of Huntington v Maul, 52 AD3d 725 [2008]; Matter of Town of Mt. Pleasant v Toulon, 292 AD2d 615, 616 [2002]; Matter of City of Kingston v Surles, 180 AD2d 69, 73-74 [1992]).
Accordingly, the Commissioner’s determination must be confirmed, the petition must be denied, and the proceeding must be dismissed. Ritter, J.E, Florio, Miller and Garni, JJ, concur.