■ In the Matter of VILLAGE OF PORT CHESTER, NEW YORK, Petitioner, v KERRY A. DELANEY, as Commissioner of State of New York Office for People with Developmental Disabilities, et al., Respondents. [50 NYS3d 487]—

Proceeding pursuant to CPLR article 78 to review a determination of the Acting Commissioner of the State of New York Office for People with Developmental Disabilities. The determination rejected the petitioner's objection to the establishment of a community residential facility for the disabled in the Village of Port Chester.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

In March 2015, the Village of Port Chester received notice from Ability Beyond Disability (hereinafter ABD), a not-for-profit corporation that provides community services to people with disabilities, that ABD intended to construct a six-person group residence for disabled adults on property it owned in the Village. After holding public hearings, the Village Board of Trustees passed a resolution formally objecting to the establishment of a facility at the proposed location. The Village subsequently requested an administrative hearing pursuant to Mental Hygiene Law § 41.34 (c) (5) on ABD's proposal and the Village's objection. A hearing on the objection was held before a hearing officer in July 2015. The hearing officer's recommendation was delivered to the Acting Commissioner of the State of New York Office for People with Developmental Disabilities in October 2015, and on November 6, 2015, the Acting Commissioner issued a determination approving the proposed facility and, in effect, rejecting the Village's objection. The Village commenced this CPLR article 78 proceeding to review the Acting

Commissioner's determination. ABD moved to transfer the proceeding to this Court, and, in an order dated March 10, 2016, the Supreme Court granted ABD's motion and transferred the proceeding to this Court, pursuant to CPLR 7804 (g), on the ground that the petition raised a substantial evidence issue.

Contrary to the Village's contention, the Acting Commissioner's determination was supported by substantial evidence. The Village failed to meet its burden of adducing clear and convincing proof that the establishment of the subject community residential facility would result in an overconcentration of the same or similar facilities so as to substantially alter the nature and character of the area (*see* Mental Hygiene Law § 41.34 [c]; *Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 240-241 [1997]; *Matter of Town of Huntington v Maul*, 52 AD3d 725 [2008]; *Matter of Village of Port Chester v Ayotte*, 34 AD3d 489 [2006]; *Matter of Village of Wappingers Falls v Maul*, 306 AD2d 416 [2003]; *Matter of Town of Mt. Pleasant v Toulon*, 292 AD2d 615, 616 [2002]).

Contrary to the Village's contention, ABD complied with its statutory duty under Mental Hygiene Law § 41.34 (c) (1), which required it to provide the Village with a residential facilities list. Any errors in the list provided to the Village by ABD could not be attributed to ABD and, in any event, were harmless (*see Matter of City of Mount Vernon v OMRDD*, 56 AD3d 771, 772 [2008]). Moreover, the Village's contention that the Acting Commissioner's determination should be annulled because she failed to render a determination within 30 days of the hearing is without merit (*see Matter of Paino v Webb*, 152 AD2d 699 [1989]; *Town of Pleasant Val. v Wassaic Dev. Disabilities Servs. Off.*, 92 AD2d 543, 544-545 [1983]). Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.