Matter of Town of Boston v New York State Off. for People with Dev. Disabilities (2017 NY Slip Op 07803)





Matter of Town of Boston v New York State Off. for People with Dev. Disabilities


2017 NY Slip Op 07803


Decided on November 9, 2017


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, AND WINSLOW, JJ.


1045 TP 17-00220

[*1]IN THE MATTER OF TOWN OF BOSTON, PETITIONER,
v
NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES, RESPONDENT. 






MICHAEL L. KOBIOLKA, HAMBURG, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PETITIONER. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Diane Y. Devlin, J.], entered January 26, 2017) to review a determination of respondent. The determination permitted the establishment of a group home for developmentally disabled adults. 
It is hereby ORDERED that the determination is confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination, made after a hearing, to permit the establishment of a community residential facility for the developmentally disabled within petitioner, and the matter was transferred to this Court pursuant to CPLR 7804 (g). We reject petitioner's contention that it was denied its right to due process based on the Hearing Officer's denial of its requests for an adjournment of the hearing (see Matter of Frederick G. v New York State Cent. Register of Child Abuse & Maltreatment, 53 AD3d 1075, 1076 [4th Dept 2008]; cf. Matter of Crimi v Droskoski, 217 AD2d 698, 699 [2d Dept 1995]). The record establishes that the Hearing Officer provided petitioner with an additional 21 days beyond the 15-day period within which it was required by statute to hold the hearing (see Mental Hygiene Law § 41.34 [c] [5]). Moreover, more than three months elapsed between the time the sponsoring agency gave notice that it had selected a site for the proposed facility and the date of the hearing, and thus petitioner had ample time to prepare for the hearing.
Petitioner contends that, if it had been given additional time to prepare for the hearing, it could have proposed alternative sites, and thus the denial of an adjournment was an abuse of discretion. If petitioner believed that another site would be appropriate, however, it should have suggested another site in response to the sponsoring agency's initial notice or, if needed, asked for time to find such a site (see Mental Hygiene Law § 41.34 [c] [1] [B]). Instead, petitioner decided to object to the facility outright (see § 41.34 [c] [1] [C]), which led the sponsoring agency to request an "immediate hearing" (§ 41.34 [c] [5]). We therefore respectfully disagree with our dissenting colleague that there was no reason for petitioner to anticipate preparing for a hearing upon receiving notice from the sponsoring agency.
We further respectfully disagree with our dissenting colleague that an adjournment should have been granted so that petitioner could study traffic and waste disposal concerns. In its requests for an adjournment, petitioner did not state that it needed time to study those issues. It was not until after the decision of respondent's Acting Commissioner, in which she stated that petitioner's traffic and septic concerns were not based on any studies, that petitioner argued that it should have been granted an adjournment to study those issues. To the extent that petitioner contends that its stated reason of needing "time to prepare" encompassed those specific issues, we reject that contention. To conclude otherwise would mean that adjournments should always [*2]be granted upon request, even when it is well settled that the decision to grant or deny an adjournment is a matter of discretion (see Redd v Juarbe, 124 AD3d 1274, 1276 [4th Dept 2015]).
We reject petitioner's further contention that the determination is not supported by substantial evidence (see generally Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239 [1997]). Respondent considered the concentration of similar facilities in the area, and determined that the nature and character of the area in which the facility is to be based would not be substantially altered as a result of establishment of the facility (see Mental Hygiene Law § 41.34 [c] [5]; Jennings, 90 NY2d at 240-241). Although petitioner submitted evidence that two neighboring towns had fewer such facilities than petitioner, the record establishes that other neighboring towns had more facilities than petitioner. In any event, "[t]he mere presence of other facilities already situated in a particular area cannot be the sole basis for denying the establishment of a similar new facility when such need for that facility is demonstrated" (Jennings, 90 NY2d at 242; see Matter of City of Mount Vernon v OMRDD, 56 AD3d 771, 772 [2d Dept 2008]; Matter of Town of Huntington v Maul, 52 AD3d 725, 726 [2d Dept 2008]). Petitioner's objection to "the suitability of the proposed site[] was not relevant" to the issue whether the group home would substantially alter the nature and character of the neighborhood (Town of Pleasant Val. v Wassaic Dev. Disabilities Servs. Off., 92 AD2d 543, 544 [2d Dept 1983]).
We have considered petitioner's remaining contention and conclude that it is without merit.
All concur except Whalen, P.J., who dissents and votes to grant the petition in part and annul the determination in accordance with the following memorandum: I respectfully dissent because I agree with petitioner that the Hearing Officer erred in denying its requests for an adjournment to enable it to prepare for the hearing. At the hearing, petitioner's witnesses expressed concerns that a community residential facility for the developmentally disabled at the proposed site, which is on a steep hill, could create traffic and waste disposal problems. In her decision, respondent's Acting Commissioner recognized those concerns as "important," but rejected them as speculative and conjectural absent "evidence such as septic or traffic studies to indicate that the proposed residence would detrimentally alter the nature and character of the neighborhood." Although the decision whether to grant an adjournment is a matter of discretion (see Matter of Estafanous v New York City Envtl. Control Bd., 136 AD3d 906, 907 [2d Dept 2016]; Redd v Juarbe, 124 AD3d 1274, 1276 [4th Dept 2015]), I conclude that the denial of petitioner's requests was an abuse of discretion that may well have deprived petitioner of the opportunity to obtain the evidence it needed to prove its case.
Petitioner requested an adjournment well before the hearing date (cf. Matter of A & U Auto Repair v New York State Dept. of Motor Vehs., 135 AD3d 856, 857 [2d Dept 2016]), and identified its grounds for an adjournment as a need to prepare its case and a need to consider hiring outside counsel in view of other obligations on the part of its Town Attorney. In my view, the basis for petitioner's requests was reasonable, and its need for an adjournment "did not result from [a] failure to exercise due diligence" (Stevens v Auburn Mem. Hosp., 286 AD2d 965, 966 [4th Dept 2001]; cf. Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874, 875-876 [2d Dept 2017]). The majority's conclusion that petitioner had ample time to prepare for the hearing presumes that petitioner should have started to prepare upon receipt of notice from the sponsoring agency that the site had been selected. One of the purposes of Mental Hygiene Law § 41.34, however, is "to encourage a process of joint discussion and accommodation between the providers of care and services to the mentally disabled and representatives of the community" (Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 240 [1997] [internal quotation marks omitted]), and here discussions between petitioner's representatives and the sponsoring agency took place during the period after the site selection notice and before the sponsoring agency's request for a hearing, which was made just over a month prior to the hearing. Under the circumstances, I agree with petitioner that it was not obligated to spend time and money preparing for a hearing before the sponsoring agency actually requested one. Moreover, petitioner's traffic and waste disposal concerns appear to be legitimate, and in my view they are relevant to the issue whether the proposed facility would substantially alter the nature and character of the area (see Matter of Town of Bedford v State of New York Off. of Mental Retardation & Dev. Disabilities, 144 AD2d 473, 474 [2d Dept 1988]; see generally § [*3]41.34 [c] [5]; Jennings, 90 NY2d at 240-241).
Inasmuch as petitioner offered substantial reasons in support of its requests for an adjournment and there was no compelling reason to deny the requests, I conclude that the Hearing Officer abused her discretion in denying them (see Matter of Messina v Bellmore Fire Dist. Commn., Bd. of Fire Commrs., 242 AD2d 631, 633 [2d Dept 1997]; see generally Chamberlain v Dundon [appeal No. 2], 61 AD3d 1378, 1379 [4th Dept 2009]; Matter of Treger, 251 AD2d 1067, 1067 [4th Dept 1998]). I would therefore annul the challenged determination and remit the matter to respondent for a new hearing (see Cenegal Manor v Casale, 251 AD2d 259, 260 [1st Dept 1998]; see also Treger, 251 AD2d at 1067). 
Entered: November 9, 2017
Mark W. Bennett
Clerk of the Court