Matter of Town of Mount Pleasant v Loomis (2023 NY Slip Op 03922)

Matter of Town of Mount Pleasant v Loomis

2023 NY Slip Op 03922

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

PAUL WOOTEN, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-06899
 (Index No. 55157/19)

[*1]In the Matter of Town of Mount Pleasant, petitioner, 
v
Peter S. Loomis, etc., et al., respondents.

Harris Beach, PLLC, White Plains, NY (Darius P. Chafizadeh and Christopher H. Feldman of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Ari J. Savitzky of counsel), for respondents Peter S. Loomis, Theodore Kastner, and New York State Office for People with Developmental Disabilities.
Zarin & Steinmetz, White Plains, NY (David T. Steinmetz and Jody T. Cross of counsel), for respondent Young Adult Institute, Inc.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Acting Commissioner of the New York State Office for People with Developmental Disabilities dated March 4, 2019. The determination, after a hearing, in effect, rejected the petitioner's objection to the establishment of a community residential facility for developmentally disabled adults in the Town of Mount Pleasant and approved the proposed facility.
ADJUDGED that the petition is denied and the proceeding is dismissed insofar as asserted against the respondent Peter S. Loomis, without costs or disbursements; and it is further,
ADJUDGED that the determination is confirmed, the petition is otherwise denied, and the proceeding is otherwise dismissed on the merits, without costs or disbursements.
In November 2018, the Town of Mount Pleasant received notice from the respondent Young Adult Institute, Inc. (hereinafter YAI), that YAI intended to establish a community residential facility for six developmentally disabled adults within the Town. After holding a public hearing, the Town objected to the establishment of the facility at the proposed location and requested an administrative hearing pursuant to Mental Hygiene Law § 41.34(c)(5) on YAI's proposal and the Town's objection. On March 4, 2019, after a hearing, the Acting Commissioner of the New York State Office for People with Developmental Disabilities issued a determination, in effect, rejecting the Town's objection and approving the proposed facility. In April 2019, the Town commenced this CPLR article 78 proceeding to review the Acting Commissioner's determination. In an order dated June 3, 2019, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Since Peter S. Loomis, the hearing officer, did not render the final determination under review, he is not a proper party to this proceeding, and thus, the petition must be denied and [*2]the proceeding must be dismissed insofar as asserted against him (see Matter of Gurariy v Zucker, 196 AD3d 574, 576; Matter of La Russo v Neuringer, 105 AD3d 743, 744).
"'[T]he only ground for sustaining a municipality's objection to the establishment of a community residential facility for the disabled is that it would create such a concentration of similar facilities in an area that it would substantially alter the nature and character of the area'" (Matter of Town of Huntington v Maul, 52 AD3d 725, 726, quoting Matter of Town of Oyster Bay v Maul, 231 AD2d 579, 579; see Mental Hygiene Law § 41.34[c][5]; Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 240-241; Matter of Village of Port Chester, N.Y. v Delaney, 148 AD3d 1163, 1164). Here, contrary to the Town's contention, the Acting Commissioner's determination was supported by substantial evidence. The Town failed to meet its burden of demonstrating, by clear and convincing evidence, that the establishment of the proposed community residential facility would result in an overconcentration of the same or similar facilities so as to substantially alter the nature and character of the area (see Mental Hygiene Law § 41.34[c]; Matter of Village of Port Chester, N.Y. v Delaney, 148 AD3d at 1164; Matter of City of Mount Vernon v OMRDD, 56 AD3d 771, 772; Matter of Town of Huntington v Maul, 52 AD3d at 726).
The Town's remaining contentions are without merit.
WOOTEN, J.P., FORD, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court